DICKSON v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY, *Appellant.*

1.  **Action for Nuisance Erected by Defendant's Predecessor:** RULE AS TO NOTICE. To maintain an action against a lessee for the continuation of a nuisance erected by his lessor, before the lease, it is not necessary to show that the lessee was notified of the existance of the nuisance and was requested to abate it. It is sufficient if it appears that he knew of its existence.

2.  **Nuisance;** REPEATED INJURIES. Where the injuries sustained by reason of a nuisance consist in the destruction of crops from year to year, the plaintiff will not be limited to a single action, but may sue from time to time as often as the damage occurs. (Following *Van Hoozier v. Hann. & St. Jo. R. R. Co.*, 70 Mo. 145.)

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB, Judge.

AFFIRMED.

*Shanklin, Low & McDougal* for appellant.

1.  The defendant was entitled to be notified of the existence of the nuisance, if there was one, and to be requested to abate it, before being sued. *Penruddock's Case,* 5 Coke 101; *Slight v. Gutzlaff,* 35 Wis. 677; *Johnson v. Lewis,* 13 Conn. 307; *Pillsbury v. Moore,* 44 Me. 154; *McDonough v. Gilman,* 3 Allen 264; *Woodman v. Tufts,* 9 N. H. 88; *Pierson v. Glean,* 2 Green (14 N. J. Law), 36; *Huckenstine's Appeal,* 70 Penn. St. 102; *Thornton v. Smith,* 11 Minn. 15; *Grigsby v. Water Co.,* 40 Cal. 396; *Noyes v. Stillman,* 24 Conn. 15; *Eastman v. Amoskeag Mfg. Co.,* 44 N. H. 143; *Crommelin v. Coxe,* 30 Ala. 318; *West v. Louisville, &c., R. Co.,* 8 Bush 404; *Beavers v. Trimmer,* 25 N. J. L. (1 Dutch.) 97; *Dodge v. Stacy,* 39 Verm. 558.

2.  If it be held that the work was of such a character that its continuance was necessarily an injury, then, as it was permanent in its nature, the injury was complete when the work was finished, and the Chicago & Southwestern Railway Company became liable for the permanent damage

done plaintiff; and, as successive actions for this injury could not have been maintained against it, no action can be maintained against this defendant. *Powers v. Council Bluffs*, 45 Ia. 652; *Troy v. Cheshire R. R. Co.*, 23 N. H. 83; *Beswick v. Cunden*, Cro. Eliz. 520; *Walter v. Wicomico Co.*, 35 Md. 385.

*Bennett Pike* and *Vinton Pike*, for respondent, cited *Pinney v. Berry*, 61 Mo. 364; *Tate v. R. R. Co.*, 64 Mo. 154; *Adams v. Popham*, 76 N. Y. 410; *Brown v. R. R.*, 12 N. Y. 494; Ang. on Watercourses, § 331a.

NORTON, J.—This is a suit for damages caused by flooding plaintiff's lands. In the first count, the petition substantially alleges that plaintiff was the owner of certain lands along, through and adjoining which a certain stream of water flowed; that, in 1873, the Chicago & Southwestern Railway Company, in constructing its road, did, by means of an embankment, divert and turn said stream of water from its natural channel so as to overflow plaintiff's lands; that the said Chicago & Southwestern Railway Company, in July, 1873, leased its said road to the defendant, the Chicago, Rock Island & Pacific Railroad Company, which entered and took possession of said road, and has operated the same ever since; that defendant, with full knowledge that the said stream of water had been turned and diverted from its course as aforesaid, continued, and since its entry upon said road has kept and maintained, said embankment, erected across said stream by the said Chicago & Southwestern Railway Company; that, by reason of the diversion of the water of said stream, and the continuance thereof by defendant, his lands and lots were rendered unfit for cultivation, and that his crops upon the same for the years 1874 and 1875 were entirely destroyed, whereby he was damaged in the sum of $10,000. The second count charges defendant with having erected the embankment causing the injury, and the third count charges defendant

with having entered upon the land of plaintiff without authority and graded its road bed.

The answer to the first count is a specific denial of what is therein alleged, except as to that part of it which charges that defendant, with full knowledge of the diversion and turning of said stream of water, continued the same. The only denial of this allegation is in the following words: " Defendant denies that, at the time of entering upon said railroad for the purpose of operating the same as aforesaid, this defendant had any knowledge that the alleged stream of water had been diverted from its course, as stated in the petition, or otherwise, except as hereinafter stated." The answer to the second and third counts is a general denial. On the trial, plaintiff had judgment for $700 damages, from which defendant has appealed, and assigns for error the action of the court in receiving evidence and in giving and refusing instructions.

On the trial, defendant objected to the introduction of any evidence on the first count of the petition, on the

1. ACTION FOR NUISANCE ERECTED BY DEFENDANT'S PREDECESSOR: rule as to notice. ground that it did not state a cause of action, because it contained no allegation that defendant, who was a mere lessee, had been specially notified of the existence of the nuisance and requested to abate it. The rule as contended for by counsel was first laid down in *Penruddock's Case*, 5 Coke 100, and on the authority of that case the rule has been adopted by many of the courts of this country referred to in the brief of counsel, but this court, in the case of *Pinney v. Berry*, 61 Mo. 359, where the identical question here presented was involved, after having its attention called to *Penruddock's Case, supra*, declined to sanction the rule therein declared. Judge NAPTON, speaking for the court, observed: " It seems to be agreed in the most recent decisions that a request to abate is unnecessary. Indeed, very eminent judges have maintained that no notice of any kind was necessary, and that this doctrine, originating in *Penruddock's Case*, which was a *quod permittat prosternere*, is not

37—71

applicable to our modern actions on the case.    The better opinion, however, seems to be that, in order to maintain an action for damages resulting from a nuisance on defendant's land, when such nuisance was erected by a previous owner before conveyance to defendant, it is only necessary to show that, before the commencement of the action, defendant had notice or knowledge of the existence of the nuisance.    All the defendant's instructions required special notice and request to abate, and they were all, therefore, properly refused."

Guided by this opinion, it follows that the objections of defendant to the introduction of any evidence under the first count of the petition, because it stated no cause of action, was not well taken, inasmuch as the petition charged that defendant, with full knowledge of the existence of the nuisance, continued it.    What has been said applies also to the objection made to the action of the court in giving and refusing instructions, and it is unnecessary to say more concerning them than that those that were given recognized the rule laid down in the case of *Pinney v. Berry, supra,* and those that were refused ignored it.

It is also unnecessary to pass upon the action of the court in receiving the evidence of Mr. Barnard, to the effect that in 1874 he notified defendant of the existence of the nuisance, and that in consequence of it the Kansas City, St. Joseph & Council Bluffs Railroad had been flooded with water, for the reason that the allegation of the petition that defendant continued the nuisance with full knowledge of its existence and character, is not denied in the answer.    It only denies that at the time defendant entered on said railroad for the purpose of operating it, it had any knowledge that the alleged stream of water had been diverted.    The denial should have been as broad as the charge.    It may have been true as stated in the answer that at the time of the entry defendant did not have any knowledge of the existence of the nuisance, and yet it

may have acquired the knowledge immediately after the entry. The allegation in the petition, that defendant had knowledge was not limited to the time of its entry on the road, but extended to every day that the nuisance was continued.

We have been cited by counsel to several authorities of which the case of *Stoghill v. Chicago, Burlington & Quincy Railroad*, recently decided by the Supreme Court of Iowa, and reported in 5 Northwestern Reporter, p. 581, is a type. That class of cases announce the doctrine that when the nuisance is of such a nature that its continuance is necessarily an injury, and when it is of a permanent character, then the damage is an original damage and may be at once fully compensated. In the case of Stoghill, *supra*, the injury sued for was for changing the channel of a stream of water from plaintiff's land on to the land of the defendant, whereby plaintiff was deprived of the benefit and use of the water, and the court held that a judgment obtained in one suit by plaintiff for damages was a bar to another, because the damage was original and complete, and a recovery in one suit must be held as full compensation therefor. Conceding the correctness of the principle laid down in that case, we cannot see its application to the present case.

*2. NUISANCE: repeated injuries.*

In this case the nuisance complained of is the act of defendant in changing the channel of a running stream on its own land and thereby so directing it as to overflow the adjacent land of plaintiff, thus destroying his crops for the years 1874 and 1875. Until after the injury occurred no right of action existed in plaintiff, and his damages could only be measured after the injury was inflicted. The case before us is analogous to the case of *Van Hoozier v. Hannibal & St. Joseph R. R.*, 70 Mo. 145, in which it was held that: "In cases of nuisance, the rule is well settled, that the plaintiff cannot recover for injuries not sustained when his action is commenced. It is equally well settled, that when the injury inflicted is of a permanent character and

goes to the entire value of the estate, the whole injury is suffered at once, and a recovery should be had therefor, in a single suit, and no subsequent action can be maintained for the continuance of such injury. But when the wrong done does not involve the entire destruction of the estate or its beneficial use, but may be apportioned from time to time, separate actions must be brought to recover the damages so sustained." The above case on this point is decisive of this. Judgment affirmed, with the concurrence of the other judges.