JOHN TORPEY, Respondent, v. THE CITY OF INDEPENDENCE, Appellant.

Kansas City Court of Appeals January 10, 1887.

1. MUNICIPAL CORPORATIONS—LIABILITY FOR PERMITTING ERECTION OF NUISANCE—CASE ADJUDGED.—Where a city stands by and permits a railroad company, outside of the license granted to it by the city, to erect a nuisance on one of its public highways, whereby the natural flow of water is precipitated upon the premises and dwelling house of an adjacent land owner ; the city is liable for the injury occasioned thereby to the lot owner. The careless or negligent performance of a lawful act, which occasions injury to an individual, gives rise to an action against the municipal government the same as against an individual.

2. PRACTICE—HARMLESS ERROR.—This court will not disturb a verdict for errors as to evidence or instructions working no prejudice to the party complaining.

Appeal from Jackson Circuit Court, Hon. Turner A. Gill, Judge.

*Affirmed.*

The case is stated in the opinion.

Gates & Wallace, for the appellant.

I. The petition does not state a cause of action against defendant, and its objection to the admission of any testimony under it should have been sustained ; and also its motion in arrest of judgment ; and its instruction in the nature of a demurrer to the evidence should have been given. See *Imler v. City of Springfield*, 55 Mo. 119 ; *Benson v. Railroad*, 78 Mo. 504 ; *Stewart v. City of Clinton*, 79 Mo. 603 ; *Abbott v. Railroad*, 83 Mo. 272.

II. The court erred in giving the instruction asked by plaintiff, and the one given of its own motion, fixing the measure of damages. (a) Because the damages are not limited to the amount claimed in the petition, viz: one thousand dollars. (b) Because "this is an action for damages consequent upon the flooding of plaintiff's land." "The plaintiff can only recover for damages done up to the institution of the suit." *Benson v. Railroad,* 78 Mo. on page 511.

III. The record not only fails to show that the grade of Pacific street had ever been established by ordinance, or that any change in its grade as used was ever made by ordinance, but it shows affirmatively that there is no such ordinance. See testimony of the city clerk, Armstrong. Therefore, the defendant's demurrer to the evidence, at close of plaintiff's evidence in chief, ought to have been sustained, and instruction number five, asked by defendant, should have been given. See *Stewart v. City of Clinton*, 79 Mo. 604. It was certainly error to

have refused instruction number seven, asked by defendant.

IV. It was an unusual and extraordinary storm by which plaintiff's premises were flooded. Instruction number nine, asked by defendant, should have been given. Wharton on Negligence, sections 114, 115 and 558; *Flori v. City of St. Louis*, 69 Mo. 341; *Elliot v. Railroad*, 76 Mo. on page 534.

V. Even if this had been an action for *negligently constructing* the switch, there was no evidence to support such a charge. In *Abbott v. Railroad* (83 Mo. 286), it is held that a railroad company is not required " to provide water ways or culverts across the road-bed or through its embankments so as to allow surface water to pass off in that direction."

A. COMINGO, with CHAS. S. CRYSLER, for the respondent.

I. The instructions, taken as a whole, fairly and correctly present the issues under the pleadings and the evidence. The verdict and judgment will not be disturbed by this court, unless it appear that competent and material evidence has been excluded, or that which was incompetent and immaterial was admitted at the trial. *Karle v. Railroad*, 55 Mo. 482. And if the instructions given fairly present the issues and correctly declare the law it is not error to refuse others of similar import. *This rule is without exception. Newton v. Curran*, 77 Mo. 326; *Brown v. Ins. Co.*, 68 Mo. 139; *Martin v. Smyler*, 55 Mo. 577.

II. Defendant had no authority to damage, or to authorize the railway company to damage plaintiff's property, without compensating him therefor. In wrongfully and negligently permitting the railway company to construct and maintain the switch in the manner alleged plaintiff was damaged; and the court was warranted in declaring the law of defendant's liability therefor as asked by plaintiff, and in refusing in-

structions based upon a theory contrary to the instruc-
tions for plaintiff.

III.    In any view that can possibly be taken of the
statement of plaintiff's case in his petition, it will be
held sufficient at this stage of the proceedings in the
cause.    It certainly states a cause of action, although
it may not have been drawn with as much philological
precision as was possible.    *Berthold v. Clay Fire Ins.
Co.*, 2 Mo. App. 311 ; *Brown v. Kansas City*, 51 Mo.
454 ; *Cape Girardeau, etc., v. Kimmel*, 58 Mo. 83 ; *Prust
v. Bircher*, 3 Mo. App. 565 ; *Stanley v. Railroad*, 84
Mo. 625.

IV.    Defendant having graded and macadamized
and used the street in question, pursuant to an ordinance
adopted fifteen years prior to the commission of the
wrongs and injuries complained of, cannot now shield
itself from liability under the facts disclosed by the
evidence, by showing that the grade of the street had
not been established by ordinance.

V.    The instructions as to the measure of damages,
present no reversible error, by reason of the fact that
they do not limit the recovery to one thousand dollars ;
the amount claimed in the petition.    It is manifest that
the defendant was not prejudiced by this omission.
*Morris v. Railroad*, 79 Mo. 370 ; *Blewett v. Railroad*,
72 Mo. 584.    Not only so, but if the instruction given at
*the instance of defendant*, as to the measure of damages,
contains the same error, the judgment will not be re-
versed on account of error in the first instance.    *Noble v.
Blount*, 77 Mo. 235.

PHILIPS, P. J.—This is an action to recover damages
alleged to have been sustained by plaintiff in conse-
quence of the defendant, a municipal corporation, wrong-
fully and negligently permitting the Missouri Pacific
Railroad Company to construct and maintain in front
of plaintiff's hotel property, situated on one of de-
fendant's public streets, a side track, above the grade of

the street, whereby the surface water flowing from adjacent lands was caused to overflow and inundate plaintiff's said property, and to fill his cellar, etc. The damages were laid at one thousand dollars.

The plaintiff recovered judgment for fifty dollars, from which the defendant has appealed.

I.   The chief contentions of defendant are, that it had never established any grade for this street ; that the reflux of the water from the street on to plaintiff's lot was not occasioned by the construction of the railroad track on the street, but by reason of an embankment of dirt thrown up on the side of the street outside of the railroad track ; and, third, that the water thus turned on to plaintiff's property was surface water, for which no liability attached to defendant.

The evidence showed that the street in question was a public highway of the city, and ran a few feet from plaintiff's hotel.

In 1867 the defendant adopted the following ordinance :

"Section 1.   The following streets shall be properly graded and macadamized, to-wit : Pleasant street, south of Lexington street until it intersects Pacific street, and Pacific street from said point of intersection, west to the railroad depot.

"Sec. 2.   Pleasant street shall be macadamized the entire length, leaving sufficient space on each side for sidewalks, nine feet wide, and Pacific street shall be macadamized twenty feet wide, the depth and size of the rock to be fixed by the city council."

The third section of this ordinance made the necessary appropriation for executing the work. The work was done under this ordinance. And while it directed no special grade to be made, it directed a proper grade, and evidently acquiesced for a long period of time in that adopted by the contractor or its servants doing the work. The duty then devolved on defendant to maintain the street in a reasonably safe condition for public

use, and to keep it free from obstructive nuisances. *Oliver v. City of Kansas*, 69 Mo. 83.

It may be conceded to the defendant, that it was competent for it thereafter, for public purposes, to alter the grade so established, and that it would not be answerable in damages to an adjacent land owner for injuries to his property consequent upon the obstruction of the flow of mere surface water. *Stewart v. City of Clinton*, 79 Mo. 603. But that, in our opinion, is not this case.

The evidence further shows, that on the third day of July, 1883, prior to the injury in question, the defendant adopted the following ordinance :

"Section 1.    The Missouri Pacific Railway Company are hereby authorized to construct, and maintain, and use, a side track on Pacific street, upon conditions here-- inafter mentioned.

"Sec. 2.    Said siding shall commence at a point in the main track of the Kansas City and Eastern Division of said railway company, about eighty feet east of the line of Temple street, and run west and parallel with said main track of Kansas City and Eastern Division to the grounds of the railway company, the north rail of said siding shall not be further than thirteen feet from the north rail of the main track of the Kansas City and Eastern Division, as now located."

It was under this ordinance that the railroad company constructed the track in question.    It is observable that this ordinance contains nothing about the grade of the street.    The unavoidable inference is, that it was not contemplated by the defendant, in passing the ordinance, that the railroad company, in laying its track, should, in any manner or degree, alter or affect the existing grade of the street.    It was merely authorized "to construct, maintain and use a side track on Pacific street."    It was presumably to be laid on the surface of the street, as it was, neither above nor below it.    If, as plaintiff contends, and his evidence, if credited, tends to show, the company proceeded to erect its track by elevating it

above the surface of the street, this was a negligent exe-
cution of the work outside of the plan contemplated;
and it would except this case from the operation of the
rule, that where the injury results from the execution of a
defective plan, adopted by the municipal legislative
body for the improvement or occupation of its street, as
distinguishable from the mode of carrying the given
plan into execution, there is no liability on the part of
the municipality. *Stewart v. Clinton, supra;* 2 Dill.
Mun. Corp., sect. 1051.

I do not regard this case as properly presenting the
question of the right of a municipality to change the
grade of a street, or of a dominant proprietor to improve
his property, so as to cause the flow of surface water on
to the subservient, or lower, land of his neighbor. But
it presents simply the case where the city stood by and
permitted a railroad company, outside of the license
given it by the city government, to erect a nuisance on
one of its public highways, whereby the natural flow of
water was precipitated upon the premises and dwelling
house of an adjacent land owner. Its general jurisdic-
tion over its streets, with its corresponding obligation to
keep them free from all obstructive nuisances, imposes
upon it the obligation to see that no one else does obstruct
them to the injury of a private property owner. As
said in *Harper v. Milwaukee* (30 Wis. 365) : " A muni-
cipal corporation has no more right than a natural person
to create and maintain a nuisance, and is liable for in-
juries occasioned thereby, in any case where a private
person would be liable under like circumstances." And
in *Nevis v. City of Peoria* (41 Ill. 502), it was held that,
" although a city has power and authority to elevate and
depress the grade of its streets, as it may deem proper,
yet if, in so doing, it inflicts an injury upon a lot owner,
it cannot be exempted from liability." How much more
so must this be the case, without affirming or denying
the correctness of this ruling, where the city suffers a
railroad company, outside of the license granted it, to

elevate its track on a street so as to flood the adjacent property of a private owner.

In *Railroad v. Smith et al.* (32 Ind. 428), it is expressly held that a railroad company is liable in damages for the construction of its road along a street of a city in such manner as to cause the water from rains and freshets to flood the real estate of an adjacent proprietor; citing *Cox v. Railroad*, 41 Ind. 178. In *Stack v. City of East St. Louis* (85 Ill. 377), it is held that, where a city authorizes a railroad company to construct an approach to a bridge in a public street, whereby the same is obstructed in front of the private property of a citizen abutting thereon, causing difficulty in egress from and ingress to such property, and water is caused to flow upon the lot, and fill the cellars therein, the city was liable for such consequential damages to the lot owner. The court say: "What a person does by another, he does by himself." In the case of *Mayor, etc., of Cumberland v. Williams* (50 Md. 138), while recognizing the general principle that a municipality, in the exercise of its legislative functions in altering the grade of its streets and improving them within the scope of its granted power, without negligence in the execution of the plan devised, no liability attaches, ordinarily, to the municipal government for any injury resulting therefrom to an adjacent land proprietor, it is held further, that the careless or negligent performance of a lawful act, even, which occasions injury to an individual, gives rise to an action against the municipal government the same as against an individual; and that where adjacent real estate is actually invaded by superinduced accumulations of water, so as to destroy or impair its usefulness, it amounts to a taking of private property within the meaning of the constitutional prohibition. How much more so would this be the case under our present constitution which prohibits the taking or injuring of private property for public use.

I hold that the act of the railroad company in this case amounted to levying a nuisance in the street, and the city is answerable to this plaintiff therefor.

II.   As to whether this injury resulted from the alleged wrongful elevation of the track above the level of the street, as contended by plaintiff, or from other obstructive agencies outside of the averments of the petition, as contended by defendant, were peculiarly questions of fact for the jury.   There was some evidence to support the plaintiff's theory.   The instructions, especially the one given by the court of its own motion, clearly enough presented this issue to the jury.   This was the vital question in the case, rendering, in my opinion, the consideration of other instructions unnecessary.

III.   As the jury only awarded the plaintiff fifty dollars as damages, and his testimony was direct that he had paid out and expended that sum, and more, in endeavors to avert the injury occasioned by the obstruction, we ought not to disturb the verdict, because some improper answer may have been made by the witness to some question as to the damages, nor because some instruction might have erroneously authorized a verdict for much greater damages.

The other judges concurring, the judgment of the circuit court is affirmed.