## FREEMAN W. MARTIN, Respondent, v. CITY OF ST. JOSEPH, Appellant.

### Kansas City Court of Appeals, March 1, 1909.

1. **NUISANCES: Pleading: Negligence: Code.** Although a petition alleged that an embankment raised acrors a street was negligently constructed and maintained and obstructed the flow of water and thereby backed the same, such averments only amount to a nuisance and the negligence did not alter the case, since under the code it is indifferent whether the action is one for negligence or one for nuisance as the relief prayed for must be the same.

2. ———: **Street Obstruction: Notice: Request to Abate: Evidence: Jury: Instruction.** Where a city does not create a nuisance it can only be held liable for its maintenance after notice and request to abate it; and on the evidence in the record the question of whether such request had been made was for the jury. Certain instructions are held faulty.

3. ———: ———: **Location of Openings.** Where a culvert in a street is insufficient to pass the water and dams it up the city is liable for resulting damage to private property without regard to whether the opening and outlet of the culvert is on public ground or not.

4. ———: ———: **Negligence: Instruction.** An instruction that if the city used ordinary care in regard to a culvert it was excused is properly refused since if the culvert became a nuisance the care of the city was immaterial.

5. ———: ———: ———: **Pleading.** It is suggested that before a new trial the petition be amended so as to eliminate all allegations of negligence.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

REVERSED AND REMANDED.

Martin v. St. Joseph.

*W. B. Norris* and *O. E. Shultz* for appellant.

(1) The gravamen of the charge was negligence. The plaintiff recovered, as shown by the instructions, on the ground of a nuisance. There is marked distinction between causes of action based upon nuisance and those grounded in negligence. 1 Thompson on Negligence, sec. 1188; Dickinsen v. New York, 28 Hun 256; Casey v. Bridge Co., 114 Mo. App. 60. (2) The petition fails to state the cause of action, if it should be construed as predicated upon a nuisance maintained. There is no allegation that the defendant city maintained the culvert and the embankment with the knowledge of the nuisance or after notice to abate the same. Rychlicki v. St. Louis, 115 Mo. 667. (3) Instructions 2, 3 and 4, as requested by the plaintiff and given by the court, were error. If the petition be treated as though based on maintaining a nuisance, there must be shown in evidence and the instructions must so direct the jury, that the city had knowledge of the nuisance and a request to abate the same. Rychlicki v. St. Louis, 115 Mo. 662. (4) The case was submitted to the jury on the part of the plaintiff upon the theory that if the culvert and embankment obstructed the flow of water in the stream, and the plaintiff's property was damaged thereby, the defendant city was liable to the plaintiff under any and and all conditions. We contend that this is not the law. (5) The demurrer offered by the city at the close of all the evidence, should have been sustained by the court. The facts of the case clearly bring this case within the case of Rychlicki v. St. Louis, 115 Mo. 662.

*Rusk & Stringfellow* for respondent.

(1) Point 1 in appellant's brief raises a simple question of pleading. The rule is that in an action for a nuisance the petition should state enough to show

Martin v. St. Joseph.

that the act complained of is in fact and in law a nuisance, but it is not necessary to use the word "nuisance" in describing the thing complained of or to charge that it was a nuisance. 14 Encyc. Pl. and Pr., 1109, 1110; 29 Cyc. 1262, note 95; Woods Law of Nuisance (2 Ed.), 965. (2) Appellant's point 2 misconceives the petition. The petition charges the city not only with maintaining this nuisance, but with creating it. The street railway company is presumed to have been using the street with permission of the city. Huff v. Railroad, 111 S. W. 1149. (3) It is not necessary to plead notice or knowledge when defendant is charged with creating a nuisance. 29 Cyc. 1233; Canal Co. v. Rynearson, 27 N. J. L. 457; Woods Law of Nuisance (2 Ed.), 969; People v. Pelton, 55 N. Y. S. 815; Clippard v. Transit Co., 202 Mo. 432; Bellamy v. Whitsell, 123 Mo. App. 610. (4) Appellant's point 3 declares plaintiff's instructions 2, 3 and 4 erroneously state the law. These instructions are based on the theory that a city has no right to obstruct a natural watercourse, and no right to sit by and permit a street railway company to obstruct it, and is moreover liable for permitting such a condition to continue, no matter who originally created it. The evidence shows periodic notice to the city for five years and a specific request to abate, although it is not necessary in Missouri to prove a specific request to abate where there is knowledge. The rule that such proof is necessary is laid down in other jurisdictions, but our Supreme Court has refused to follow it. Pinney v. Berry, 61 Mo. 365; Dickson v. Railroad, 71 Mo. 575. It not being necessary to prove a specific request to abate, it was not error not to instruct the jury they must find such specific request. Wood's Law of Nuisances (2 Ed.), 843; Damour v. Lyons City, 44 Iowa 282.

BROADDUS, P. J.—This is a suit by plaintiff for damages to his property caused by the acts of the defendants in obstructing a natural watercourse. There

is running into and through the city of St. Joseph a natural watercourse, which crosses Jule street between Twenty-eighth and Twenty-ninth streets. In the year 1889, before the territory in the locality mentioned was within the city limits, a fair association in construct- ing its race track made a fill in the stream, in which was placed a culvert about five feet in diameter which was sufficient to carry off the water under ordinary con- ditions. Afterwards, the race track was abandoned by the association and later on the property was platted into blocks and lots and the city extended its limits beyond the locality of the stream and embankment. There was evidence to the effect that the entrance and outlet of the culvert were both on private property.

A portion of the old race track that crosses the stream forms a part of Jule street. Jule street at this point has never been improved by the city. The de- fendant street railway company built its track over this embankment in 1889, but had abandoned them for a time until about 1902 or 1903, when it resumed pos- session, at which time the embankment had been partial- ly washed away. The railway company at the latter date repaired the damages before relaying its tracks and also raised the height of the embankment. The city was shown to have had knowledge that Jule street was an obstruction to the flow of water in the stream and at different times through its employees removed the de- bris that had accumulated at the culvert.

The plaintiff's house is located south of Jule street and a short distance east of the stream. In July, 1907, there was an unusual precipitation of rain and the cul- vert not being sufficient to discharge the water that flowed through the stream, it was backed up by the em- bankment until it overflowed onto plaintiff's property and into the cellar of his house to his damage.

The judgment was in favor of the railway company and in favor of plaintiff against the city, which appeal- ed.

It is insisted by defendant that plaintiff's cause of action is based on negligence, whereas he was permitted to recover on the theory that it was an action for a nuisance. The facts upon which plaintiff relies are set forth in his petition, but it fails to allege in terms that they constituted a nuisance. Although the petition alleged that the embankment was negligently raised by the railway company and that it has been negligently so maintained, that said culvert was negligently built and maintained by defendant and too small to accommodate the flow of the water in the stream, and that defendant allowed it to be choked with debris; yet we cannot see why the acts complained of do not amount to a nuisance. A nuisance is, "Anything that worketh hurt, inconvenience, or damage. A private nuisance is anything done to the hurt or annoyance of the lands, tenements or hereditaments of another." [Bouvier's Law Dictionary.] Under our system of code pleading, it could make no difference *in this case* whether we call the action one of negligence or nuisance, as the relief would be the same. [R. S. 1899, sec. 592.]

Instructions 2, 3 and 4, given for the plaintiff, are based upon the theory that the city was maintaining a nuisance, but fail to instruct the jury before the city could be held liable they must find that it had knowledge of the nuisance and a request to abate it. The city did not create the nuisance and could be held liable only on the ground of maintenance after notice and request to abate it. [Rychlicki v. St. Louis, 115 Mo. 662.] It was held, however, in Dickson v. Railroad, 71 Mo. 575, that, to maintain an action against the lessee for the continuance of a nuisance erected by his lessor before the lease, it is not necessary to show that the lessee was notified of the existence of the nuisance and was requested to abate it. It is sufficient if he knew it. And such is the holding in Pinney v. Berry, 61 Mo. 359. If these cases are held to be in conflict with Rychlicki v. Railroad, supra, which we do not

believe, the latter would be controlling as being the last expression of the court on the question. The city does not occupy a relation to the street as that of lessee. The interest of the city in the street is not of a private character and in no sense partakes of the nature of ownership as understood when applied to the rights of private persons. It is true, that there was evidence tending to show that some of the officers of the city had been requested to abate the nuisance and also that the board of public works of the city had been so requested. But there was evidence to the contrary. It was, therefore, a question for the jury.

We are of the opinion that it was immaterial whether the opening or outlet of the culvert was or was not within the city limits. The embankment was and, if it constituted a dam without sufficient outlet for the water to prevent it damming up and overflowing plaintiff's land, the city was maintaining a nuisance. [Rychlicki v. Railroad, supra.] And this is true, notwithstanding the city had nothing to do with the original construction of the street. In exercising dominion over it and in permitting the railroad company to use it in its business, it became responsible for the nuisance.

The defendant in instruction 13 asked the court to instruct the jury, in effect, that, if the city since the extension of its limits over the locality "has used that care which an ordinary prudent man would exercise under like conditions in regard to said embankment and culvert, your verdict must be for the defendant." The court refused to so instruct and properly. If the embankment proved a nuisance without sufficient outlet, it was immaterial whether the city exercised due care to keep it in proper condition, except in so far as such care might affect the extent of damages by lessening the amount of overflow on plaintiff's land.

Other questions are raised on the appeal, but we find no material error other than that mentioned.

136 App—21

As the case is to be retried, we suggest that it would simplify matters if the plaintiff would amend his petition and so state his case as to eliminate all the allegations of negligence and make plain his cause of action for nuisance.

Reversed and remanded.    All concur.