ROBERT H. HEDRICK, Respondent, v. THE CITY OF ST. JOSEPH and ST. JOSEPH RAILWAY, LIGHT, HEAT and POWER COMPANY, Appellants.

**Kansas City Court of Appeals, November 1, 1909.**

1. **NUISANCE.** The obstruction of a stream by the building or maintaining of an embankment with a culvert of insufficient size to carry off the water thereby causing it to back up and damage property in the vicinity, is a nuisance.

2. ————. Where a street railway puts its tracks on such an embankment and maintains the same, it is liable for damages to property caused by back water, notwithstanding it had nothing to do with the erection of the embankment.

3. **CITIES: Streets.** Not until the properly authorized city officers do some act evidencing an intention to assume jurisdiction over a street does the obligation of the city to keep it in repair begin.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman*, Judge.

AFFIRMED AS TO COMPANY; REVERSED AS TO CITY (*with directions*).

*R. A. Brown* for appellant company.

*W. B. Norris* and *O. F. Schultz* for city.

The court committed error in sustaining plaintiff's motion for new trial, for the reason that there was no evidence of negligence upon the part of the railway company which in any way contributed to the alleged dam-

ages sustained by plaintiff. The record in this case is somewhat voluminous, considering the amount involved and the justification of plaintiff for bringing this action. The facts in the case, however, are practically identical with those in the case of Martin v. St. Joseph, 136 Mo. App. 316, and the court will be partially relieved from necessity of wading through all the mass of testimony introduced in the case at bar. In order to have found for plaintiff the jury must necessarily have based its verdict upon mere conjecture, and for that reason, if for no other, defendant's demurrer should have been sustained and plaintiff's motion for a new trial should have been overruled. If it should be conceded that the railway company by leveling the surface of the ground, in order that it might make its tracks conform to the surface thereof, raised the grade of said street or embankment one inch or six inches, at most it could have been made liable only for the damage caused by any excess water which was caused to flow upon plaintiff's premises on account of such slight increase in the grade. Any verdict based upon any such testimony or state of facts would necessarily have been based upon conjecture and speculation, and the law does not countenance the confiscation of one's property upon any such ground. Funk v. Railroad, 121 Mo. App. 169; Ballard v. Kansas City, 110 Mo. App. 391; Wilbur v. Railroad, 110 Mo. App. 689; Hardin v. Railroad, 114 S. W. 1117. The city of St. Joseph cannot be held liable for its failure to enforce its ordinances. If its codefendant, the railway company, committed any nuisance by which the plaintiff was damaged, the city of St. Joseph cannot be held, because it failed to abate the nuisance or prohibit its codefendant, railway company, from committing the nuisance. Kiley v. Kansas City, 87 Mo. 103; Loth v. Theatre Co., 197 Mo. 328; Butz v. Cavanaugh, 137 Mo. 503. The allegation in the petition that the city of St. Joseph permitted the sewer or culvert to become choked with debris and dirt for such a length of time that by

the exercise of ordinary care it could have known of such obstruction in time to have permitted the same was not proven by any evidence.

*Kendall B. Randolph* for respondent.

BROADDUS, P. J.—This is an action to recover damages against defendants for the maintenance of a nuisance. The facts are as follows: There is running into and through the city of St. Joseph a natural watercourse, which crosses Jule street between Twenty-eighth and Twenty-ninth streets. In the year 1889, before the territory in the locality mentioned was within the city limits, a fair association in constructing its race track made a fill in the stream, in which was placed a culvert about five feet in diameter, which was sufficient to carry off the water under ordinary conditions. Afterwards, the race track was abandoned by the association, and later on the property was platted into blocks and lots, and the city extended its limits beyond the locality of the stream and embankment. There was evidence to the effect that the entrance and outlet of the culvert were both on private property. A portion of the old race track that crosses the stream forms a part of Jule street. Jule street at this point has never been improved by the city. The defendant street railway company built its tracks over this embankment in 1889, but had bandoned them for a time until about 1902 or 1903, when it resumed possession, at which time the embankment had been partially washed away. The railway company at the latter date repaired the damages before relaying its tracks and also raised the height of the embankment. The city was shown to have had knowledge that Jule street was an obstruction to the flow of water in the stream, and at different times through its employees removed the debris that had accumulated at the culvert. The plaintiff's house is located south of Jule street and a short distance east of

the stream. In July, 1907, there was an unusual precipitation of rain and the culvert not being sufficient to discharge the water that flowed through the stream it was retained by the embankment and caused to flow back and into plaintiff's house whereby it was greatly damaged.

The verdict of the jury was in favor of the defendants. The plaintiff asked for a new trial which the court sustained on the ground, that the verdict was not supported by the evidence. From the action of the court granting a new trial the defendants appealed.

The case of Martin v. City of St. Joseph, wherein the plaintiff therein claimed damages caused by the same conditions was before the court and is reported in 117 S. W. 94. The cause was reversed for the reason that the court failed to instruct the jury that in order to hold the city liable they must find it had knowledge of the nuisance and a request to abate it. The defendant railway, heat and power company was not a party to the case in this court.

That the obstruction of the stream in question causing damage to the property of owners in the vicinity is a nuisance, we take for granted is conceded.

It being conceded that the embankment is a nuisance we have no hesitation in saying that the defense relied on by the company should have been disregarded by the court. This defense is fully explained in Instruction numbered eight given by the court. It is as follows: "Even if you (the jury) should believe from the evidence that the defendant St. Joseph Railway, Heat and Power Company, did at some time or times prior to the overflow described in evidence, level up the surface of Jule street and thereby fill certain holes and gullies in said street or that it raised the grade of said Jule street, yet if you further believe that the filling up of such holes or gullies and the raising of said grade of Jule street did not in any way cause or contribute to the damages sustained by the plaintiff, then he cannot

recover against said St. Joseph Railway, Heat and Power Company, and your verdict will be in its favor."

It was altogether immaterial whether the acts of the company in raising and repairing the embankment, had any effect in causing the backing up of the water, as the embankment admittedly did cause the overflow and damage to plaintiff's property. The defendant had been and was maintaining the embankment at the time, and it was in so doing maintaining a nuisance. It was not necessary to show that it had anything to do with the erectment of the embankment. All that was necessary was to show that the company had knowledge of its existence and that it obstructed the flow of water in the stream. [Pinney v. Berry, 61 Mo. 359; Dickson v. Railroad Co., 71 Mo. 575; and Wood on Law of Nuisance, sec. 838, p. 968.] We are of the opinion that the action of the court in setting aside the finding of the jury as to the defendant company was justified as the plaintiff had made out his case against it.

But a more serious question arises as to the action of the court in reference to the finding for the defendant city. It is true there was evidence tending to show that the city had been notified of the obstruction of the stream by the embankment and a request to enlarge the outlet for the passage of the water. But it was necessary for the plaintiff to also show that the city had assumed control and supervision of Jule street at that particular point. The facts that some city employees may have removed debris from the mouth of the culvert at some time or another, and that the city by its nonaction permitted the obstruction to remain after the territory had been brought within the city limits, by being platted and laid off into blocks with streets by the owners, in our opinion did not show that the city had assumed jurisdiction and supervision of the street.

In Downend v. Kansas City, 156 Mo. 60, it is held that the approval by a city council of a plat of a proposed addition to a city, "is in no sense an acceptance

of a street thereon as a public highway, nor does it cast upon the city the duty of keeping such street in repair. Not until the properly authorized city officers do some act evidencing an intention to assume jurisdiction over the street does the obligation of the city to keep it in repair begin and not till then is the city liable for a failure to do so." And; "Mere user by the public will not establish a street nor impose on the city a duty to keep it in repair." And so it is held in Carle v. City of De Soto, 156 Mo. 443; Moore v. The City of Cape Girardeau, 103 Mo. 470.

The plaintiff has called our attention to the case of Johnson v. City of St. Joseph, 96 Mo. App. 663, in order to support his theory of the liability of the city under the evidence. But it will be seen that that case is entirely different as to facts. There the city had by its acts assumed supervision and control of the street in question. Other cases cited by plaintiff are not in point.

In our opinion there was a failure of proof going to show that the defendant city was liable for the nuisance as it had nothing to do with it. There is nothing to show that it ever assumed jurisdiction or control officially in any manner whatever.

It is therefore ordered that the cause be affirmed as to the defendant company; and reversed as to the city and that judgment be entered in its favor for its costs. All concur.