D. D. BROWN, Appellant, v. ROSAMOND A. SCRUGGS and KANSAS CITY, Respondents.

Kansas City Court of Appeals, February 7, 1910.

1. **MUNICIPAL CORPORATIONS: Surface Water: Nuisance: Permitting Use of Unopened Street as Dumping Ground.** Plaintiff owned in Kansas City a livery stable in the rear of which was a street which had been condemned for street purposes, but it had never been improved by the city or in any way opened to public travel. Over plaintiff's protests strangers had been permitted to make a dumping ground of this street to such an extent than an embankment was built up which served to collect and retain surface water. During a rainstorm this dam broke and precipitated the contents of the pond into plaintiff's stable. The city was liable for the damages caused thereby.

2. ————: ————: **Use of Unimproved Streets: Injury to Persons Thereon: Liability For Improper Use.** The reason of the rule that would exempt the city from liability to travelers for injuries they might sustain on a street not prepared for travel, is that no invitation, express or implied was extended to the public to use the street. That reason and the rule founded on it fail of application in a case where a nuisance to adjoining property is maintained in a street which by condemnation has passed under the control of the city.

Appeal from Jackson Circuit Court.—*Hon. D. H. Cecil,* Judge.

REVERSED AND REMANDED.

*J. I. Williamson* for appellant.

A municipal corporation is liable for nuisances committed, permitted or maintained by it upon its own property, in the same way and to the same extent as a private individual. 21 Am. and Eng. Ency. of Law (2 Ed.), p. 717; 20 Am. and Eng. Ency. of Law (2 Ed.), p. 1191, 1205; "Cyc.," vol. 28, p. 1293; Torpey v. Independence, 24 Mo. App. 288; Booth v. Fulton, 85 Mo. App. 19; Whitfield v. Carrollton, 50 Mo. App. 102; Bulmaster v. St. Joseph, 70 Mo. App. 68; Ivie v. McMuni-

gal, 66 Mo. App. 437; McKenna v. St. Louis, 6 Mo. App. 320; Kirchgraber v. Lloyd, 59 Mo. App. 59; Murphy v. Gillum, 73 Mo. App. 487; Schoen v. Kansas City, 65 Mo. App. 135; Donahue v. Kansas City, 136 Mo. 657.

*John T. Harding* and *Edwin J. Shannahan* for respondents.

(1) The mere fact of establishing a street by judicial action does not, of itself, so open it to public use as to render a municipal corporation liable for an accident resulting from failure to keep the street free of obstructions. Bassett v. St. Joseph, 53 Mo. 290; Craig v. Sedalia, 63 Mo. 417; Brown v. Glasgow, 57 Mo. 157; Bremen v. St. Louis, 92 Mo. 482; Smith v. St. Joseph, 45 Mo. 449; Arnold v. St. Louis, 152 Mo. 173; Ruppenthal v. St. Louis, 190 Mo. 213; Ely v. St. Louis, 181 Mo. 724, 729; Baldwin v. Springfield, 141 Mo. 205; Heckler v. St. Louis, 13 Mo. App. 279; Moore v. Cape Girardeau, 103 Mo. 470. (2) A municipal corporation is not liable for a failure to abate a nuisance that exists on property over which it does not exercise ownership. Harmon v. St. Louis, 137 Mo. 494; Butz v. Cavanaugh, 137 Mo. 503; Moran v. Car Co., 134 Mo. 641.

JOHNSON, J.—Plaintiff sued to recover damages resulting from an injury to his property caused by a nuisance set up and maintained in a public street of Kansas City. At the trial, he dismissed defendant Rosamond A. Scruggs from the action, and proceeded against defendant city. At the conclusion of his evidence, the court peremptorily instructed a verdict for defendant. Plaintiff took a nonsuit, with leave to move to set the same aside, and in due course brought the case to this court by appeal. The facts of the case are as follows:

In 1906, plaintiff owned real property on Grand avenue at Twenty-third street and occupied the place

with a livery stable which faced on Grand avenue and extended back (east) to McGee street. Plaintiff's property is low ground. Eastward from its rear end is a steep acclivity which begins with the west line of McGee street. This street had never been graded or improved by the city nor in any way opened to public travel. Some years before, it had been condemned by the city and vacated for street purposes. Over the protests of plaintiff, made at various times, to officers of the city, strangers had been suffered to make a dumping ground of the street and had gradually built up an embankment of refuse which served as a dam to collect and retain surface water. On the 23d of August, 1906, during a rain storm, this dam broke and precipitated the contents of the pond into the stable. A large amount of personal property was destroyed and other damage done. Plaintiff invokes the rule that "If in the exercise of its corporate powers a municipal corporation creates or permits a nuisance by nonfeasance or misfeasance, it is guilty of tort, and like a private corporation or individual, and to the same extent, is liable to damages in a civil action to any person suffering special injury therefrom. So a municipal corporation has no more right to erect and maintain a nuisance on its own land than a private individual would have to maintain such a nuisance on his land." [28 Cyc., p. 1293.]

The doctrine of this rule was approved by this court in Torpey v. City, 24 Mo. App. 288, where, speaking through PHILIPS, P. J., we said: "It presents simply the case where the city stood by and permitted a railroad company, outside of the license given it by the city government, to erect a nuisance on one of its public highways, whereby the natural flow of water was precipitated upon the premises and dwelling-house of an adjacent landowner. Its general jurisdiction over the streets, with its corresponding obligation to keep them

free from all obstructive nuisances, imposes upon it the obligation to see that no one else does obstruct them to to the injury of a private property-owner. As said in Harper v. Milwaukee (30 Wis. 365) : 'A municipal corporation has no more right than a natural person to create and maintain a nuisance, and is liable for injuries occasioned thereby, in any case where a private person would be liable under like circumstances.' And in Nevis v. City of Peoria (41 Ill. 502), it was held that 'although a city has power and authority to elevate and depress the grade of its streets, as it may deem proper, yet if, in so doing, it inflicts an injury upon a lotowner, it cannot be exempted from liability.' How much more so must this be the case, without affirming or denying the correctness of this ruling, where the city suffers a railroad company, outside of the license granted it, to elevate its track on a street so as to flood the adjacent property of a private owner."

Defendant argues that this rule has no application to the present case for the reason that the street in controversy was a mere paper street, and that nothing had been done by the city in the way of opening it to travel, nor had any other species of control over it been exercised by the city.

The rule is well settled with respect to streets dedicated in platted additions that the mere approval  by the council of a plat of a proposed addition is in no sense an acceptance of the platted streets as public highways, nor does it cast on the city the duty of keeping such streets in repair. As was said in Downend v. Kansas City, 156 Mo. 60 : "Not until the properly authorized city officers do some act evidencing an intention to assume jurisdiction over the street does the obligation of the city to keep it in repair begin and not till then is the city liable for a failure to do so."

To the same effect is the recent decision of this court in Hedrick v. City, 138 Mo. App. 396.

But it is held in Ely v. St. Louis, 181 Mo. 724, that

"when the municipality by ordinance declares that land embraced within certain lines is a public street, then when the city obtains the title to or easement in the land for that purpose, it becomes a public street." While the mere dedication by the owner of a platted addition does not make public thoroughfares of the streets shown on the plat, the acceptance by the city, either by the passage of an ordinance of acceptance or by the exercise of control over the streets, will make of them public thoroughfares. So, too, land condemned by the city for street purposes, is by such act converted into a public street. It is not necessarily then opened to the public for use as a street. [Ruppenthal v. St. Louis, 190 Mo. l. c. 225.] "The mere fact of establishing a highway by judicial action does not of itself so open it to the public as to render towns liable for accidents that may occur to travelers thereon. After it is thus legally established, it is to be prepared for public use. Labor is to be performed upon it. Bridges are to be built, hills cut down and valleys filled up; obstructions are to be removed and rough places are to be made smooth." [Blaisdell v. Portland, 39 Me. 113.]

But the establishment of a highway by accepted gift or by condemnation, from the very fact that it gives dominion over the street to the municipality to the exclusion of the adjoining property-owners, imposes corresponding duties, with the rights conferred. Proprietorship always carries with it the duty so to use your own as not to injure your neighbor. It lay within the power, and it was the duty, of the city to prevent the erection in the street of a nuisance that would injure the property of an adjoining neighbor. The reason of the rule that would exempt the city from liability to travelers for injuries they might sustain on this street, which was not prepared for travel, is that no invitation, express or implied, was extended to the public to use the street. That reason, and the rule founded on it, fail of application in a case such as the present, where a

nuisance to adjoining property is maintained in a street which, by condemnation, has passed under control of the city.

The demurrer to the evidence should have been refused. The judgment is reversed and the cause remanded. All concur.