JOHN H. ROTH, Administrator of the Estate of ANNA GUCZMAN, Deceased, Respondent, v. CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals, April 29, 1912.

1. **PUBLIC NUISANCE: Damages: Stagnant Water.** A landowner has no right to collect surface water on his land and precipitate it in a body on the land of his neighbor, nor to collect and hold it in a stagnant, offensive and disease-breeding body and thereby inflict an injury to his neighbor.

2. ———: ———: **Public Street.** Where a city suffers a nuisance to be erected in a public street and does not abate it within a reasonable time after the reception of knowledge of its existence, it becomes liable for the injurious consequences to the same extent as it would had it created the nuisance..

Appeal from Buchanan Circuit Court.—*Hon. William D. Rusk,* Judge.

AFFIRMED.

*W. E. Norris, O. E. Shultz* and *Phil A. Slattery* for appellant.

*Carolus & Wilcox* and *Perry A. Brubaker* for respondent.

JOHNSON, J.—This action was commenced in September, 1909, by Anna Guczman to recover damages from the city of St. Joseph, a city of the second class, on account of the erection and maintenance of a nuisance adjacent to her residence. The petition alleged the nuisance injured the health of the plaintiff and impaired the value of her property. During the pendency of the suit in the circuit court Mrs. Guczman died and thereafter the action was prosecuted by the administrator of her estate. The trial of the issues resulted in a verdict for the defendant but, afterwards, the court sustained the motion for a new trial filed by plaintiff on the ground of ''error in giving instructions 1, 5 and 9, on behalf of the defendant and also because the verdict is against the weight of the evidence.'' Defendant appealed from this order and contends that the vital error committed by the trial court was in overruling the demurrer to the evidence.

The residence owned and occupied by Mrs. Guczman was near the intersection of Fifth street and Doniphan avenue in the city of St. Joseph. The locality is in an old part of the city and Fifth street (the course of which is north and south), for many years has been recognized by the city as one of its public streets. Some years ago a railroad company was granted the right to construct and maintain two tracks along the street and at the time of the events in controversy the

Chicago, Burlington & Quincy Railroad Company was operating two tracks under that franchise. This railroad greatly impaired, if it did not entirely destroy, the use of the street by vehicles and impaired, but did not entirely destroy its use by pedestrians. It is accurate to say the street was an accepted and recognized public street used chiefly by the railroad company. For many years a creek emptying into the Missouri river crossed Fifth street near the intersection of Doniphan avenue. This creek which carried only surface water ran near Mrs. Guczman's property. Some years ago the city made a new channel for carrying off the surface water leaving the old channel useless. After this, in 1907, the railroad company replaced a trestle spanning the creek on Fifth street with an embankment which dammed the old channel and caused the formation of a pond of surface water adjacent to plaintiff's property. Anticipating that surface water would collect in the reservoir thus formed the railroad company put an eighteen-inch pipe across the embankment near the bottom, but the evidence shows that the pipe was placed too high to drain the basin properly permitting the retention therein of a large body of surface water. Further it appears from the evidence of plaintiff that this drain was allowed to become choked by dirt and debris. Witnesses introduced by plaintiff say that the pond, which at the time of the trial had been in existence four years or more, was stagnant, extremely foul and, of course, injurious to the health of Mrs. Guczman and to the value of her property. Shortly after the construction of the embankment the city laid a drain consisting of sewer pipe twelve inches in diameter connecting the west end of the embankment drain with a sewer a block west of Fifth street. The evidence, we think, shows indisputably that this drain was sufficient to carry off all the water that flowed through the embankment pipe; in other words the existence of the pond was not due in any part to insufficiency of

the connecting drain laid by the city. The acts of the city which the petition charges resulted in the establishment and continuance of the nuisance are, first, the negligent manner in which the channel of the creek was diverted; second, the negligent construction of the embankment drain and, third, negligence in suffering the mouth of the drain to become and remain clogged. The first of these issues is abandoned by plaintiff and the demurrer to the evidence presents the question of whether or not plaintiff is entitled to go to the jury on the remaining two.

The gravamen of the action is nuisance—the creation and maintenance of a public nuisance, from which plaintiff suffered special injuries. Negligence is not an ingredient of such tort and our sole inquiry is confined to the subjects of whether or not the defendant city as an owner of real property erected an obstruction on its land that collected surface water which otherwise would have flowed away, and held it in a body to the special injury and damage of an adjoining proprietor. Though surface water is a common enemy which each proprietor must ward off as best he may, the rule is too well settled to require the citation of authorities that a landowner has no right to collect surface water on his own land and precipitate it in a body on the land of his neighbor, nor to collect and hold it in a stagnant, offensive and disease-breeding body and thereby inflict an injury to his neighbor. The obstruction placed across the bed of the creek in a way to dam up and hold the water was a nuisance. [Hedrick v. St. Joseph, 138 Mo. App. 396; Martin v. St. Joseph, 136 Mo. App. 316.] The cause of the obstruction and, therefore, the cause of the nuisance obviously was not the embankment itself but the emplacement therein of the drain-pipe in a manner to afford inadequate drainage. That was the act of the railroad company and we agree with defendant that it was the sole creator of the nuisance but we do not agree with counsel

for defendant that because the city did not build the dam of the drain it cannot be held liable for the injuries sustained by plaintiff. The whole structure was built in a public street over which the city had complete jurisdiction. As far as the rights of plaintiff are concerned the city was an adjoining proprietor who suffered a nuisance to be erected on his premises and failed to abate the nuisance after receiving notice of its existence. It was the duty of the city to abate the nuisance within a reasonable time after the reception of knowledge of its existence and in failing so to do it became liable for the injurious consequences to the same extent as it would be liable had it built the dam and drain. [Brown v. Scruggs, 141 Mo. App. 632; Sallee v. St. Louis, 152 Mo. 615; Donner v. Railway, 133 Mo. App. 527; Torpey v. City, 24 Mo. App. 288.]

There is nothing at variance with this view in the case of Hedrick v. St. Joseph, supra, on which defendant relies. We held in that case that the evidence disclosed the city had not accepted the street and, therefore, had not assumed jurisdiction over it, but in the present case the fact is not disputed that Fifth street was an accepted street and it is immaterial whether or not the city accepted the nuisance. By failing to remove it in a reasonable time after it had constructive knowledge of its presence, the city, in effect, did adopt it as its own work.

Counsel for defendant argue "if we assume, as contended by plaintiff, that the city made this pipe a part of its sewer system, still the city is not liable for the reason that the nuisance was not caused by the stopping up of the eighteen-inch pipe, but was due to the fact that the eighteen-inch pipe was too high at the east end to draw the water from the basin formed by the fill. The city cannot be held liable for a defect in plan. [Hays v. Columbia, 159 Mo. App. 431; Gallagher v. Tipton, 133 Mo. App. 557.]"

There is nothing in the evidence to justify the conclusion that the nuisance was caused by a defect in the general plan of building sewers and drains adopted by the city. The apparent cause of the whole trouble was the placing of the drain pipe in the middle instead of at the bottom of the embankment. It would be absurd to say that such construction was in obedience to a general plan or system of doing such work. The evidence before us does not show that the drain pipe was too small to carry off the water from the creek bed, nor does it show that the retention of water was due to any obstruction of the mouth of the drain. As we said before the nuisance was caused and maintained solely by the position of the pipe which rendered it inadequate to the task of draining the basin. Point is made that the action must fail because the railroad company was not made a party defendant. Plaintiff was not required by any general rule of law to join the railroad company and the statute invoked by defendant (section 8862, Revised Statutes 1909) does not apply to actions against cities of the second class.

The demurrer to the evidence was properly overruled and since one of the grounds on which a new trial was granted is that the verdict is against the weight of the evidence, we must affirm the judgment. It is so ordered. All concur.