SMITH, *Appellant*, v. THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILROAD COMPANY.

1. **Railroads**: LOCATING TRACK ON STREET : GRADE. Although a railroad company has lawful authority to lay its track along a street, it is bound to locate it in conformity to the grade so as not to interfere with the concurrent use of the street by the public.

2. ——— : ——— : ——— : DAMAGES. It is to be assumed that the natural level of the soil of the street, when actually used for the purposes of a highway, is intended as the city grade for the time being, in the absence of any ordinance establishing a different one ; so that the laying of a track on an embankment therein, above the natural level, which interferes with the right of access to adjacent property, is a damage to the owner thereof for which an action may be maintained.

3. ——— : ——— : ——— : ———. In the absence of any ordinance fixing the grade, where the evidence shows that the existing condition of the street is temporary, the location of the track therein a little above the natural surface, rendered apparently necessary to conform to other parts of the railroad, should not be regarded as evidencing an intent to permanently establish a nuisance affecting the adjacent property.

4. ——— : ——— : ——— : ———. In such case, the adjacent owner may properly recover for actual damages, including any diminution of rental value, to the time of beginning his action, but not for a depreciation in the total value of the inheritance, and evidence of depreciation in market value of the whole estate by reason of the location of the track is not admissible, in an action for damages sustained by reason of its location.

*Appeal from Buchanan Circuit Court.*—HON. J. P. GRUBB, Judge.

REVERSED AND REMANDED.

PLAINTIFF is the owner of certain vacant lots fronting on Fifth street in St. Joseph, Missouri. He brings this action to recover for damages sustained by the erection of an embankment on which defendant's railway track is located in that street in front of

plaintiff's lots. Plaintiff became non-suited in the circuit court by reason of the giving of an instruction that he could not recover. This ruling he here seeks to reverse, his motions to that end having been denied by the trial court.

The issues will be apparent without a full statement of the pleadings.

The evidence showed that the defendant railroad had received state and municipal authority to lay its track in this street. It had done so, first locating one track, and afterwards a second. The latter is the subject of complaint in this action. The track is some two or three feet above the natural level of the street in front of plaintiff's lots, and is so laid as to seriously impede, if not entirely obstruct access to the latter from some parts of the street. The dedication of the property was made in 1858. No public improvements have yet been placed upon the land indicated as a street on the plat. It yet remains in its natural state, without sidewalks, curbs, gutters or any form of artificial grading. The city authorities have never established any grade by ordinance. The evidence tends to show that south of Mitchell avenue on Fifth street, two streams, each some thirty feet wide, with beds some twelve feet deep, cross, one of which also runs along the street some two blocks. Several of the plaintiff's lots lie between these streams. The ground is the natural prairie bottom of the Missouri river, and is quite irregular. At the trial the court refused plaintiff's offer of proof tending to show the depreciation of the permanent value of the realty by reason of the establishment of defendant's second track above the natural surface of the adjacent land.

*S. P. Huston, R. O. Stauber* and *H. K. White* for appellant.

(1) (*a*) "The right of the abutting property-owner to the use of the street, is as much property as the lot

itself, and neither the legislature nor city can deprive him of it without compensation." *Lackland v. Railroad,* 31 Mo. 187; *Tate v. Railroad,* 64 Mo. 152; *Cross v. Railroad,* 77 Mo. 318; *Rude v. St. Louis,* 93 Mo. 412; *Lackland v. Railroad,* 34 Mo. 274; *Dubach v. Railroad,* 89 Mo. 483; *Lohr v. Railroad,* 10 N. E. Rep. 528; *Railroad v. Bissell,* 9 N. E. Rep. 144; *Sheehy v. Rail road,* 94 Mo. 574; *Werth v. Springfield,* 78 Mo. 107; *Householder v. Kansas City,* 83 Mo. 488; *Story v. Railroad,* 90 N. Y. 122. (*b*) But in this case neither legislative nor city grant assumes to give more than a right to construct a road on the street level, in such a way that the public can drive over and upon it, when not actually occupied by the railroad company with its moving trains. The grants do not attempt to confer a right of exclusive user. (2) The lower court erred in instructing the jury that plaintiff could not recover. *Brown v. Emerson,* 18 Mo. 103; *Owens v. O'Reilly,* 20 Mo. 603. The testimony shows that the manner of the construction of this double track has made these lots practically inaccessible. (3) It was not necessary to protect the abutter's right of access to his lots by this dedicated, open, traveled highway, that the city should, by ordinance, fix and establish a grade. It was the level Missouri bottom, dedicated to public travel, and no person or corporation had a right to obstruct free travel over it. *Gibson v. Zimmerman,* 27 Mo. App. 90.

*Strong & Mosman* for respondent

(1) Plaintiff was not entitled to have the track of defendant's road built on a level with the natural soil of the unimproved street, and cannot recover damages, merely because the track in front of his lots is built above the level of the natural soil. Before an abutter can recover on account of the fact that a railroad track is constructed above the level of the natural soil, such level of the natural soil must be by competent authority

adopted as the grade of the street. (2) The depreciation in the value of plaintiff's lots is not the true measure of damages in this case. (*a*) The constitution of 1865 was in force when the rights of plaintiff and defendant became fixed and vested and both parties obtained their property rights subject to the power vested in the corporate authorities of the city, to make such changes and establish such grades in said street as the public good might require. Both plaintiff and defendant were bound to conform to whatever grade might be established for said street, and hence the plaintiff was not entitled to recover in this action, on the basis of a permanent injury. (*b*) The defendant is not vested with the same authority in respect to the elevation of the rails of its track upon a public street which it has where such track is constructed on its private ground. On the other hand, the plaintiff has no power to consent to the elevation of the rails of the track in a public street, as he would have if such track was constructed over his land, and hence the rule applicable in the case of a trespass by a railroad company (see *Jamison v. Springfield*, 53 Mo. 231) does not apply. As plaintiff cannot legalize the construction of the track at that elevation, he is not entitled to permanent damages. (*c*) If, as plaintiff claims, the construction of the track in the street above the level of the natural soil was unauthorized, then such elevation of the track was a public nuisance, and the defendant was under legal obligations to change the elevation of the track. Successive actions might be brought until it was compelled to do so. *Canal Co. v. Hitchings*, 65 Maine, 140; *Wayland v. Railroad*, 75 Mo. 557; *Cain v. Railroad*, 54 Ia. 262. (*d*) There is no presumption that the elevation of the rails of the track, if illegal and unauthorized, will be continued in the future, and plaintiff could not recover permanent damages on the basis that such elevation would be continued. *Cain v. Railroad*, 54 Ia.

263–4; *Uline v. Railroad,* 101 N. Y. 114; *Bere v. Hoffman,* 79 Pa. St. 77; *Bathishill v. Reed,* 37 Eng. L. & Eq. 317, 321; *Hopkins v. Railroad,* 50 Cal. 190. (e) The rule of law which authorizes the recovery of the difference between the market value of property immediately before the injury occurred, and its value immediately after " can have no application to such nuisances as may be removed the day after verdict, or for the continuance of which a second or third action may be maintained, or which may be abated at the instance of the injured party by the order of a competent court." *Brown v. Railroad,* 80 Mo. 460; *Bathishill v. Reed,* 37 Eng. L. & Eq. 317; *Carl v. Railroad,* 46 Wis. 625; *Hopkins v. Railroad,* 50 Cal. 190; *Benson v. Railroad,* 78 Mo. 511; *Severy v. Railroad,* 51 Cal. 194; *Uline v. Railroad,* 101 N. Y. 116. (3) The court did right in sustaining defendant's demurrer to the case made by plaintiff's evidence.

BARCLAY, J.—Though the railroad company had lawful authority to lay its tracks along the street in question it was yet bound to locate the same in conformity to the grade, so as not unnecessarily to interfere with concurrent use by the public. In the absence of any ordinance establishing a different one, it is to be assumed that the natural level of the soil of the street ( when actually used for the purposes of a highway ) is intended as the city grade for the time being. So that the laying of the track on an embankment therein, some two or three feet above the natural level, interfering with the right of access to adjacent property, is a damage to the owner thereof for which an action may be maintained.

But the proper extent of recovery is a question of greater difficulty. Had the city improved the street at the natural level, or otherwise indicated a purpose to retain it as the permanent grade, a very different question would arise from that now presented. It is evident

from the facts here disclosed that the existing condition of the street is temporary. The location of the two streams across the street near these lots and the irregularities of the surface of the ground, clearly indicate that the grade will necessarily be the subject of municipal consideration and regulation at no distant day. In such a condition of things it would be manifestly unjust to permit a recovery as for a permanent nuisance. The location of the track a little above the natural surface, rendered apparently necessary to conform to other parts of the railroad, should not be regarded, in these circumstances, as evidencing an intent to permanently establish a nuisance affecting the adjacent property, in the absence of any ordinance fixing a grade.

The injury is rather of the kind which the law does not assume will be permanent in effect; as, for example, the dam which caused the stream to back up and injure plaintiff's premises in *Pinney v. Berry*, 61 Mo. 359. In such case, plaintiff may properly recover for actual damages ( including any diminution of rental value) to the time of beginning his action, but not for a depreciation in the total value of the inheritance.

The trial court therefore did not err in excluding plaintiff's offer to show the depreciation in market value of the whole estate by reason of the location of the track in question ; but as it denied him the right to even nominal damages ( which, in view of the facts developed, we think he was entitled to recover), the judgment will be reversed and the cause remanded. SHERWOOD, J., absent. The other judges concur.