MARGERET READY, Respondent, v. THE MIS-
SOURI PACIFIC RAILWAY COMPANY, Ap-
pellant.

Kansas City Court of Appeals, February 16, 1903.

1. Waters and Watercourses: SURFACE WATERS: COLLECTION
OF: EASEMENTS. Higher adjoining land has a servitude upon
the lower land for the discharge of surface water naturally flow-
ing on the land from the dominant estate; but this servitude ex-
tends only to surface water arising from natural causes, and does
not include such water collected in drains, trenches, etc;. and
precipitated in a body upon the servient estate.

2. ———: FLOODING LAND: DAMAGES: INSTRUCTION. Where
the cause of injury in flooding land may at any time cease by the act
of the party or the intervention of a court, the rule of damages.
is not the difference in the value of the estate just prior to and just
after the injury, but includes any and all injuries resulting from
the overflows to the injured property, and an instruction so de-
claring is approved.

3. ———: ———: ———: VERDICT. On the facts a verdict for
injury caused by an overflow is held not excessive.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,*
Judge.

AFFIRMED.

*Elijah Robinson* for appellant.

(1) Defendant's demurrer to the evidence should
have been sustained. Abbott v. Railroad, 83 Mo. 271;
Martin v. Benoist, 20 Mo. App. 262; Schmidt v. Rowse,
35 Mo. App. 288; Byrne v. Railroad, 47 Mo. App. 383.
(2) The court committed error in giving plaintiff's
instruction No. 1.    (3) The court also committed error
in giving plaintiff's instruction No. 11.    Graves v. Rail-
road, 69 Mo. 579.    (4) The verdict was so clearly

against the weight of evidence that it should not have been permitted to stand.

*Charles R. Pence* for respondent.

(1)  The plaintiff's case is based upon the proposition of law, well supported by our own authorities, that "one can not collect surface water into artificial channels and cast it upon the land of his neighbor." Paddock v. Somes, 102 Mo. 226; Rychlicki v. St. Louis, 98 Mo. 497; Benson v. Railroad, 78 Mo. 504; Schneider v. Railroad, 29 Mo. App. 68; Cannon v. St. Joseph, 67 Mo. App. 367.  (2) . Plaintiff's second instruction is well supported by the authorities. Pinney v. Berry, 61 Mo. 359; Dickson v. Railroad, 71 Mo. 575; Brown v. Railroad, 80 Mo. 457; Smith v. Railroad, 98 Mo. 20; Foncannon v. Kirksville, 88 Mo. App. 279.  (3)  The appellant claims that the verdict was against the weight of evidence, and that the damages were excessive.  As the evidence is not all before the court we think these assignments should be ruled against appellant.  Goodson v. Railroad, 23 Mo. App. 76; Nichols v. Nichols, 39 Mo. App. 291; Trimble v. Wollman, 62 Mo. App. 541; Wood v. Kelley, 82 Mo. App. 598.

ELLISON, J.—This is an action for damages caused by defendant discharging surface water onto plaintiff's real property and improvements thereon. The judgment was for the plaintiff in the sum of four hundred dollars.

In order to determine the legal question applicable to this case it is only necessary to state, in a very general way, the cause of the complaint as made out by evidence in plaintiff's behalf.  Plaintiff's property is situated across an alley from defendant's line of railroad. Water flows from higher ground beyond onto the railroad and is received by ditches alongside of the track. There was evidence tending to show that this water, prior to defendant's interference, found its way on along the

sides of the track until it spread out over the surface generally. The evidence also tended to show that defendant could have led the water off in the direction of certain catch-basins maintained by the city. However that may be, it was shown that defendant cut a ditch and put in a culvert under its track at the "head of the alley" which caused the water to rush through such culvert, thence across the alley onto plaintiff's premises; covering her ground, filling her cellar and cistern and destroying her grass.

The law in such state of case is plain and well understood. Defendant, as it contends, had a right to protect itself from injury by surface water. But it had no right to allow that water to collect on its premises and then discharge it at one point, in a body, onto defendant's premises. In Paddock v. Somes, 102 Mo. 226, the court said that it was "an actionable injury and nuisance for one to collect surface water and cast them in a body upon a neighboring proprietor; and the same rule holds in this regard both as to individuals and as to municipal corporations; the latter, though not obliged to construct sewers or drains to protect adjoining owners against the flow of surface water from public ways, yet if they do construct drains and thus carry water and cast water upon the adjacent lands, they are as much responsible as though they had invaded such lands by sending their servants thereon." In Rychlicki v. St. Louis, 98 Mo. 497, the same court said that "according to the rules of the civil law, as adopted by many, if not most of the States of this Union, the owner of the higher adjoining land has a servitude upon the lower land for the discharge of surface water naturally flowing upon the lower land from the dominant estate. But it is well settled by the decisions of the courts which follow the civil law that this servitude extends only to surface water arising from natural causes, such as rain and snow, and that the owner of the higher land can not collect the surface water in drains, trenches or otherwise

and precipitate it in a body upon the lower land to the damage of the owner thereof.''

Complaint is made of plaintiff's instructions. It is said that the true rule for the measure of damages is to allow plaintiff the difference between the value just before and just after the injury. In this class of nuisances, where the cause of the injury may at any time cease, by act of the party, or the intervention of a court, the rule of damage is not the whole difference in the value of the estate just prior and just after. Such rule would be unjust, sometimes to one party and sometimes to the other party. If the damage is estimated just after the nuisance is established and while it is still in existence, perhaps practically destroying the estate, the entire value of the property might be assessed, though the nuisance could be removed. That would be unjust to the party creating or maintaining the nuisance. On the other hand, there are instances where the damage, under the rule mentioned, would be very slight, and yet, if the nuisance is continued, separate damage would follow each successive injurious act flowing from or attributable to the nuisance. So, therefore, the rule contended for by defendant was repudiated in Foncannon v. Kirksville, 88 Mo. App. 279. The true measure of damage is to allow actual damage occasioned by the nuisance up to the beginning of the action, without reference to total depreciation of the value of the inheritance. Pinney v. Berry, 61 Mo. 359; Smith v. Railroad, 98 Mo. 20. In this case the instruction was that the jury should take into consideration any and all injuries resulting from the different overflows caused to the house and basement and outhouses, as well as any injury to the lot itself by the deposit of mud and clay thereon. We think it was not objectionable.

It is next insisted that the damages are excessive. Considering the nature of the damage, it is clear that its extent would be hard to estimate with mathematical certainty or precision. Necessarily, much must be left to

the sound judgment of the jury based on the statements of facts made to them concerning the character of injury to the walls of the house, the cistern, and outhouses, as well as to the yard. We are not of the opinion that an allowance of $400 justifies our interference with the conclusion of the jury.

The judgment is affirmed.   All concur.