MARY J. MEHONRAY, Respondent, v. H. C. FOSTER, Appellant.

Kansas City Court of Appeals, May 25, 1908.

WATER AND WATERCOURSES: Surface Water: Filling Lot. A landowner may protect his own lot from the overflow of surface water notwithstanding the effect may be to cast such water upon his neighbor's land; but he cannot collect such water on his own premises and cast it at one point upon his neighbor.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover*, Judge.

REVERSED.

*Marley & Swearingen* for appellant.

(1)    Surface water is a common enemy and appellant owed respondent no such duty when leveling his lot by filling in the rear end, as protection of her property against it.    McCormick v. Railroad, 57 Mo. 437; Hosher v. Railroad, 60 Mo. 333; Benson v. Railroad, 78 Mo. 504; Stewart v. Clinton, 79 Mo. 603; Abbott v. Railroad, 83 Mo. 271; Hoesten v. Hensath, 16 Mo. App. 485; Collier v. Railroad, 48 Mo. App. 398; Gray v.

Schreiber, 58 Mo. App. 173; Ready v. Railroad, 98 Mo. App. 467.    (2)    Neither is appellant responsible for the soil being loosened and carried by the surface water over on to respondent's property.    Hoester v. Hemsath, 16 Mo. App. 490; Farnham on Water and Water Rights, p. 1620; Middlesex Co. v. McCue, 149 Mass. 103; Railroad v. Meadows, 73 Tex. 35.

*Lawrence & Lawrence* for respondent.

(1)    A nuisance is anything done to the hurt or annoyance of the lands, tenements or hereditaments of another.    3 Blackstone, Commentaries, 215.    (2)    An actionable nuisance is anything wrongfully done or permitted which injures or annoys another in the enjoyment of his legal rights.    Cooley on Torts (2 Ed.), 670, under Nuisances.    (3)    For one to do any act off the estate which shall cause anything to be carried or thrown upon it, is a nuisance.    Cooley on Torts (2 Ed.), 675, 678.

BROADDUS, P. J.—This is a suit to recover damages for the alleged wrongful act of defendant in causing surface water and debris to overflow plaintiff's property.    The plaintiff is the owner of a part of lot twenty-six in Highbury Park Kansas City, which fronts east on Myrtle avenue.    The defendant is the owner of lot twenty-five in said block which fronts west on Mersington avenue.    A line running north and south divides the property of the respective parties, there being no alley between them.    Prior to the controversy there was a ditch about three feet wide and two feet in depth near the said dividing line leading north from Twenty-seventh street which was situated south of the south line of said lots.    The natural slope of the ground is to the south and southeast.

In the spring and summer of 1905, the defendant filled in the back of his lot close up to the dividing

line with earth to the depth of several feet.    The ditch in question being on the dividing line between the properties of the respective parties was shown to have been partly on both.    The evidence went to show that defendant filled in with earth at the northeast corner of his lot so that it extended into the ditch and caused it to be so obstructed at that point that it prevented the surface water, caused by rain, coming from the north and west, from flowing due south through said ditch, as it had previously done, causing it to overflow and pass south and east over plaintff's lot to her damage.

At the close of plaintiff's case the defendant asked the court to instruct the jury to return a verdict in his favor, which the court overruled.    The cause was submitted to the jury on certain instruction given at the instance of the plaintiff.    The verdict and judgment were for the plaintiff and the defendant appealed.    The law of the case is well settled in this State that the owner may occupy and improve his land as he may see fit, by grading or filling up low places.    "And it makes no difference that the effect of such improvement is to change the flow of the surface water accumulating or falling on the surrounding country so as to either increase or diminish the quantity of such waters which had previously flowed upon the land of the adjoining proprietors to their inconvenience or injury."    [McCormick v. Railroad, 57 Mo. 437.]    It is a general rule that the owner may protect his land from the overflow of surface water notwithstanding the effect may be to cast it upon his neighbor's land.    But he has no right to allow water to collect on his own premises and then discharge it at one point in a body onto that of his neighbor's land.    [Ready v. Railroad, 98 Mo. App. 467.]

As we understand the case defendant did not suffer surface water to collect on his land and then discharge it in a body onto that of the plaintiff.    What he did

was to raise the surface of his own lot at the lower end, which prevented the water from getting onto his land, which had the effect of diverting it so it flowed onto the land of the plaintiff. This he had the right to do under the law as stated. It is true that in raising the surface of his lot he had no right to let the earth escape onto the land of the plaintiff and he would be liable to her for any damages she might sustain thereby; but it did not render him liable for diverting the flow of water. Under the pleadings and testimony plaintiff was not entitled to recover, and the court erred in not directing a verdict for defendant.

Reversed. All concur.