HANNAH JACKSON, and IZORIA JACKSON, Respondents, v. WABASH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, February 13, 1911.

1. RAILROADS: Abutting Property: Damages. Plaintiffs sued for damages caused by the construction of a switch track in the street in front of their property. The grade of the street was raised two feet, making ingress and egress difficult, obstructing the natural flow of water thereon, and causing it to back up and overflow, thereby impairing the usefulness of the street and depreciating the value of their property. Held, that a railroad has no right to change the grade of a street so as to interfere with the rights of abutting property owners.

2. ——: ——: Error. Where no objection is made by demurrer, or instruction, or in any manner, to the joinder in the petition of nuisance of a permanent nature and that of a temporary one, the error will not cause a reversal of the judgment.

Appeal from Boone County Circuit Court.—*Hon. N. D. Thurmond*, Judge.

AFFIRMED.

*E. W. Hinton* for appellant.

(1) The court erred in permitting the jury to award damages for impaired usefulness of the street, and general depreciation in value caused by the maintenance and operation of the railroad thereon. Porter v. Railroad, 33 Mo. 128; Gaus v. Railroad, 113 Mo. 308. (2) The court erred in permittting the jury to award any damages whatever for flooding the property, because the law does not recognize any right to the uninterrupted flow of surface water. Imler v. Springfield, 55 Mo. 119; Rychlicki v. St. Louis, 98 Mo. 447; Thompson v. Railroad, 137 Mo. App. 62; Mehonray v. Foster, 132 Mo. App. 229. (3) The court erred in treating the injury as permanent in this case, and especially that part arising from overflowing the property, and in allowing a recovery for depreciation in value on that account. Smith v. Railroad, 98 Mo. 20; Ready v. Railroad, 98 Mo. App. 467; Foncannon v. Kirksville, 88 Mo. App. 279; Carson v. Springfield, 53 Mo. App. 289.

*C. B. Sebastian* and *C. J. Walker* for respondents.

(1) It was not contended in the court below, nor will it be contended here that the reasonable use of a street as the locus of a surface railroad creates a new servitude. But it was contended below, and is contended here that when the defendant entered upon Webster street without consent of plaintiffs, and without obtaining the consent of the city of Columbia, by proper ordinance, and constructing its road making a grade of two feet or more in front of plaintiffs property, and by the use and operation of its trains depriving plaintiffs for the use of the street and of egress from and ingress to their property and of so negligently and improperly constructing its road that it obstructed the nat-

ural flow of the water and threw it back on the street and on plaintiffs property and permitted it to remain in that condition for about two years in plain violation of the laws of this State. R. S. 1899, sec. 1035. That this is not a reasonable use of the street, and the defendant railroad company is liable. (2) In answer to appellant's second contention it might be sufficient to say that the law cited is not applicable to the facts of this case. Appellant is not an adjoining proprietor, it is a naked trespasser, who entered upon Webster street without assemblance of right and a violator of the law and remains there in violation of the law and in utter disregard of plaintiffs' right. In constructing the roadbed it made an embankment in front of plaintiffs' property and put in a tile culvert to permit the water to pass, but the tiling was too small and was soon crushed by defendant's trains and the natural flow of the water obstructed and thrown back on the street and plaintiffs' property. If, however, the court should hold that this contention should be considered, and further find 'that there were two causes of action, one for permanent damage, occasioned by the building of the railroad so as to impair the use of the street and interfere with plaintiffs ingress and egress, and the other for temporary damages occasioned by the overflow, in the single count of the petition, then the objection comes too late. It is the well settled law of this state, that unless a motion to elect is filed before the trial such objection must be deemed waived. Fadley v. Smith, 23 Mo. App. 87; Welsh v. Stewart, 31 Mo. App. 376; Wallace v. Railroad, 47 Mo. App. 499.

BROADDUS, P. J.—This is an action by plaintiffs, as abutting property owners, to recover damages alleged to have been caused to their property by the construction by defendant of a spur or switch track from its mainline, through Webster street in Columbia, to the Hamilton-Brown Shoe Factory.

The plaintiffs are the owners of lot 29, and the north part of lot 30, in Harbinson's Addition to Columbia, fronting 97 feet on Webster street. The petition alleges that in 1907, the defendant laid the spur track in the street and in so doing raised the surface thereof about two feet along the property in question; that said track was constructed and maintained, and trains of cars and locomotives were operated thereon by defendant without ascertaining and paying the plaintiffs such damages as they may have sustained by reason of such construction and maintenance; that the track so constructed in front of plaintiffs' property has been so raised above the grade of the street in front of plaintiffs' property as to prevent the use of that portion of the street lying between the roadbed and plaintiffs' property, so as to render ingress to and egress from the same difficult, and in many places impossible, and to obstruct the natural flow of water upon Webster street as it flowed prior thereto, and caused it to back up and overflow that portion of said street described, and to render it unsafe for use as a street; and to back up large quantities of water on plaintiffs' premises; that in consequence of said construction, the market and rental value of their property, and its use and enjoyment has been greatly impaired, and that such injuries are permanent and lasting; and that they have been damaged thereby in the sum of five hundred dollars. The answer was a general denial.

Plaintiffs' evidence tended to show that the defendant in front of their property made a fill raising the grade about two feet above the original grade; that the roadbed of defendant occupied about twelve feet of space and that there was about eight feet between it and the property line of plaintiffs; that at least one-half of the street could not be used for ordinary purposes; that access to plaintiff's property was greatly obstructed; that the natural flow of the water was arrested and thrown back on plaintiffs' property creat-

ing a cess pool; and that the cost of bringing plaintiffs' property up so that water would not stand on it would amount to two hundred dollars; and that the difference in the market value of the property just before the railroad was built and just after it was completed, was from three hundred dollars to five hundred dollars.

The defendant's evidence tended to show that the plaintiffs' property was not damaged by the construction, but benefited; and that the principal cause of the overflow was the incapacity of a culvert to carry off the surface water.

The court in instruction numbered one given at the instance of the plaintiffs was to the effect, that, if the grade of Webster street was so changed and raised in front of plaintiffs' property as to cause the surface water to overflow plaintiffs' property, or that the common and ordinary use of said street, as a street, was impaired thereby, or that ingress or egress to and from said property was rendered more difficult, or that the market value of the property was impaired by reason of the construction of said track the finding should be for the plaintiffs.

In instructing the jury on plaintiffs measure of damages they were told to take into consideration the impairment of the use of said street; the interference of plaintiffs' access to their property; the amount of injury done the property caused by overflow of water, together with the cost of filling up plaintiffs' ground, so as to restore it to the same condition it was before the building of the track with reference to the overflow of water, for the sum of all of which they should render their verdict unless such sum would exceed the difference in the market value of the property caused by the construction and the market value thereof after it was completed.

On behalf of defendant the court instructed the jury as follows: "The court instructs the jury that if filling plaintiffs' lot and putting in tiling to carry off

the water would render plaintiff's property more valuable, even though the railroad track is maintained on said street, than it was before the change in Webster street, then the plaintiffs cannot recover more in any event than the reasonable costs of such improvement, less such increase in value.''

The defendant also asked the court to instruct the jury as follows: "The court instructs the jury that under the evidence in the case the jury cannot allow the plaintiffs any damages for or on account of the backing up surface water thereon."

And further the court was asked to instruct the jury that plaintiffs were not entitled to recover on the evidence. These instructions were refused.

The plaintiffs received judgment for the sum of $250 and the defendant appealed.

It is contended that the court erred in permitting the jury to award damages for impaired usefulness of the street, and general depreciation in value caused by the maintenance and operation of the railroad thereon. To sustain this theory appellant relies on what is said in Porter v. Railroad Company, 33 Mo. 128; as follows: "The use by a railroad, under authority of its charter, of a street in its ordinary use as a means of travel and transportation, is not a perversion of the highway from its original purposes. Any damage to the property abutting on the street, resulting from such obstruction, is, *damnum absque injuria.*"

It will be observed that the court was very precise in limiting the use of a street, "to its ordinary use as a means of travel and transportation;" and did not mean to hold that that it had the right to obstruct a street by a raised embankment, but that it could use the street as it was ordinarily used by the public on the existing grade. And this construction is confirmed by the use of the following expression in a later case, viz.: "The laying of a railroad track in the street on grade, under municipal authority, and operating the

road in the usual mode is not, however, a new public use for which compensation may be demanded by the abutting owner under the foregoing provision of the Constitution." [Gaus Manufacturing Co. v. Railroad, 113 Mo. 309.] That case also announces the law to be that: "An owner of a lot abutting on a public street, in addition to the ownership of the property itself, enjoys rights appurtenant thereto (e. g. the free admission of light and pure air and the right of ingress and egress), which form a part of his estate, and are deemed as much property as the lot itself." And the same rule of law was promulgated in DeGeofroy v. Railway Co., 179 Mo. 698.

The instruction is also criticized on the ground that, it permitted the jury to award damages for flooding plaintiffs' property. It is held that: "Where a street is graded and constructed wholly for the use of the public, no right of action accrues to persons having property fronting on the street improved in consequence of resulting injuries," and is "not liable for damages caused merely by reason of the failure to so grade a public street as to prevent surface water from flowing upon the lots of adjoining proprietors." And such is the holding in Rychlicke v. City of St. Louis, 98 Mo. 497. It will be seen that these cases have no application to the facts here. They treat of the right of municipalities to grade and improve their streets. Other cases referred to by appellant treat of the right of property owners to use their property in a lawful manner among which is the right to guard against surface water. But it is clear that a railroad has no right to change the grade of a street so as to interfere with the rights of abutting property owners.

Under the instructions, the jury were permitted to treat the injury complained of as permanent. In so far as the instructions pertain to injury by reason of overflow of surface water on plaintiffs' premises, it was error. This was such a nuisance as may be abated and

as such was temporary and not permanent. [Foncannon v. City of Kirksville, 88 Mo. App. 279; Smith v. Railway, 98 Mo. 20; Ready v. Railway, 98 Mo. App. 467.]

But we do not think the case should be reversed on that account. The defendant made no objection to the joinder in the petition of the nuisance of a permanent nature and that of the temporary one. The defendant should at least have demurred to the petition for a misjoinder, or by instruction or in some other manner called the court's attention to the matter. Instead of doing so, defendant asked and obtained an instruction, in which the injury by overflow was treated as a permanent injury. The error although not invited by defendant, was participated in by it, for which reason the case falls within the principle that where a party invites an error, he has no cause to complain of such error. [Kinlen v. Railroad, 216 Mo. 145.] It cannot be contended that the plaintiffs had no cause of action for the overflow. The contention of defendant only goes to the question of excessive damages, and not to his right to recover. The defendant instead of asking the court to limit plaintiffs' damages for the injury sustained by reason of the overflow up to the time of bringing their suit, asked the court to instruct the jury that they could not assess any damages for depreciation in value on account thereof.

The court properly refused to so instruct. For reasons given the cause is affirmed. All concur.