JAMES M. SCOTT ET AL., RESPONDENTS, v. CITY OF MARSHALL, APPELLANT.*

Kansas City Court of Appeals. February 11, 1929.

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, section 756, p. 850, n. 24; 4CJ, section 2952, p. 969, n. 56; Municipal Corporations, 43CJ, section 1918, p. 1160, n. 13; section 1992, p. 1221, n. 24; section 2056, p. 1302, n. 15; section 2057, p. 1305, n. 33; section 2059, p. 1307, n. 51; p. 1308, n. 54; p. 1309, n. 60; Nuisances, 46CJ, section 28, p. 663, n. 61; Trial, 38Cyc, p. 1618, n. 36.

*W. H. Meschede* and *R. D. Johnson* for respondent.

*Homer E. Rich* and *Harvey & Ballamy* for appellant.

ARNOLD, J.—This is an action in two counts, the first at law for damages, and the second in equity for a mandatory injunction. The allegations in both counts are identical, differing only in the character of the relief prayed, and are bottomed upon the alleged destruction by defendant of a natural drain by filling and causing it to be filled up, by the negligent and wrongful construction of an inadequate sewer therein and adjacent thereto, to the damage of plaintiff's property.

The facts of record are that plaintiffs are husband and wife and they were the owners of lot 6, block 2, Hudson's addition to the city of Marshall, Saline county, Missouri. Plaintiffs' property was located at the southeast corner of the block bounded on the north by Vest street, on the east by Jefferson avenue and on the west by Lafayette avenue. Their house was a one-story five-room building with a basement, facing east on Jefferson avenue. The basement consisted of two rooms, one of which had a concrete floor, while the floor of the other was of dirt. In the summer plaintiffs used the basement room

with the concrete floor for cooking and eating space while in the winter the same was used as a garage, access thereto for garage purposes being afforded by a concrete driveway from Yerby street.

An alley ran north and south through the center of the block, touching the back of plaintiffs' property which had a depth of 150 feet. The sewer which is the basis of this action was built just west of the alley above mentioned, and on private property, the city having acquired an easement therefor, and was constructed pursuant to an ordinance duly passed by the council and signed by the mayor of defendant city on May 20, 1921. The plans and specifications for said sewer were drawn by an engineer employed for the purpose and were duly adopted by the mayor and the city council. It is in evidence that the said engineer calculated the flow of water which would be carried moderately down a storm sewer to be constructed, the area and nature of the territory to be drained being considered, and the speed at which the water would drain from said territory.

It appears that prior to the construction of the sewer there existed a ditch or natural watercourse beginning at Vest street at the north line of said block 2, and just west of the alley above mentioned, running south to and under a culvert under Yerby street, thence southeasterly to Jefferson avenue, thence south to and beyond the city limits. This ditch or natural watercourse is described as being three to four feet deep and six to eight feet wide at Vest street and six to eight feet deep and ten to fifteen feet wide at Yerby street, continuing at about the same dimensions to the city limits.

Under Yerby street there was a culvert described by plaintiffs and their witnesses as being eight feet square and by the engineer and contractor who planned and built the sewer as four by five feet. There was a manhole just south of Yerby street, the top of which was said to be about six inches above the street level and seven and four-tenths feet from top to bottom, the bottom thereof being the bottom of the sewer and former ditch. The sewer was of twenty-four-inch tile from Vest to Yerby streets, of twenty-seven-inch tile from Yerby to Jefferson and thirty-inch tile from there to the city limits. The line of the sewer was approximately along the line of the ditch, or watercourse, and nearly in a direct line from Vest to Yerby street, and connected with the culvert at Yerby street, south of which it was laid in a southeasterly direction to Jefferson avenue, and a little east of the old ditch, and thence south on Jefferson avenue. A tile ten inches in diameter was run up from the main sewer to a point a little above the surface of the ground a short distance north of Yerby street, the purpose of which was to serve as an intake for any surplus water accumulating there. Also four catch basins thirty inches long and eight and one-half inches high were constructed in Yerby street nearby and leading to the main sewer. There are also two similar

catch basins at the corner of Jefferson street and Yerby, draining into a tile and going south on Jefferson away from plaintiff's property, constructed in the spring of 1926. A similar catch basin was at the corner of Lafayette and Yerby streets.

It appears of record that most of the sewer pipe was laid in the bottom of the watercourse, or ditch, and was covered with the dirt that had been taken from the excavation dug for the sewer. It further appears that after the sewer was constructed the plaintiffs and other lot owners in block 2, and also in the block south thereof, filled in their lots and the alley with dirt. In this work plaintiffs alone used two hundred sixty wagon loads of dirt on the back end of their lot, and plaintiffs testified that after the construction of the sewer, they placed in the alley some of the debris resulting from overflows.

The second amended petition on which the cause was tried alleged defendant wrongfully, negligently and wilfully destroyed said natural watercourse by filling and causing it to be filled up; that, in lieu of said watercourse, defendant negligently, carelessly and wrongfully constructed an underground sewer with laterals and intakes thereto, in that these were too small and inadequate to carry the surface water discharged therein, and that as a result:

"On August 16, 1926, and at other and divers numerous times during rains since the construction of said sewer, large and unusual volumes of water have been forced upon plaintiffs' property; that at said times plaintiffs had vegetables, shrubbery, flowers and a lawn on their premises, and said water was negligently backed and forced upon them and in the barns, sheds and buildings of plaintiffs and drowned a large number of chickens of plaintiffs; that said water was backed and forced into the basement under plaintiffs' residence, causing the foundation of said house to crack; that said water contained filth which was deposited upon plaintiffs' property causing offensive and obnoxious odors and conditions deleterious to the health and comfort of plaintiffs."

The petition further alleges:

" . . . that defendant knew, or by the exercise of ordinary care could have known, that said sewer and intakes were insufficient to carry off the surface water, so negligently and wrongfully discharged therein without causing damage to plaintiffs' property; that defendant was notified of said condition but failed to remove and abate the same."

In the first count damage is sought in the sum of $1250. The second count prays injunctive relief as follows:

"Plaintiffs further state that they have no adequate remedy at law for the grievances aforesaid, and to avoid a multiplicity of suits the plaintiffs pray, in addition to the damages sought in the first count of this petition that the defendant be perpetually enjoined and

restrained from further maintaining said inadequate and insufficient sewer, intakes and tile and the destruction of said natural drain by defendant's negligence and that said defendant be enjoined, ordered, and required to construct an adequate and sufficient sewer, intakes and sewer tile to carry said drainage water so that the same will not injure and damage plaintiffs' said premises as aforesaid and for such other and further relief of such premises as the court may deem proper."

Defendant demurred to both counts of the petition and after the court refused to sustain the demurrer defendant filed a motion to require plaintiffs to make their petition more definite and certain. This motion was overruled. Thereupon defendant filed answer admitting defendant's corporate entity and that it established the sewer district as alleged and caused the sewer in question to be constructed, but denied all other allegations of the petition. As affirmative defense the answer alleges that the said sewer was constructed in accordance with plans and specifications adopted by the council and mayor; that the same was a safe sewer and fully adapted to carry off all surface water, sewage and other matter properly within said sewer, or which according to rules of experience in the construction of sewers could reasonably be anticipated, and that said sewer was well adapted for the uses for which it was constructed; that on August 16, 1926, there was a great and unusual and extraordinary rainfall in the city of Marshall; that plaintiffs' premises are on some of the lowest ground in said sewer district and the water ran from the higher ground therein, onto plaintiffs' premises and other adjoining premises, in an unusual and extraordinary quantity; that never since the construction of said sewer had there been an overflow therefrom which injured plaintiffs' premises, except at times of great, unusual and extraordinary rainfall, which could not reasonably or properly be anticipated.

The reply was a general denial. Upon the issues thus made, the cause was tried to a jury resulting in a verdict for plaintiffs on the first count of the petition, in the sum of $600, and judgment was accordingly entered.

The second count of the petition was tried to the court and submitted upon the testimony adduced on the trial of the first count. The court made a finding of facts, upon which the following decree was entered of record:

"Wherefore, it is considered, ordered, adjudged and decreed by the court that the defendant, its officers, agents, representatives and employees be perpetually enjoined from maintaining and continuing said nuisance aforesaid and that the defendant abate said nuisance and remove the dirt, filth, concrete, bricks, sewer, sewer tile, intakes, manholes and grating from said natural drain watercourse, and re-

turn and restore the same to its natural condition as it was before the construction and erection of the said sewer district Number One and its destruction and obliteration by said defendant as hereinbefore found and set out.''

A timely motion for a new trial on each count was overruled, and defendant has appealed.

The first point urged in behalf of the appeal is that the demurrer to the second amended petition should have been sustained, upon the ground that there is no charge in the petition that the sewer was not built in strict accordance with the plans and specifications therefor. It is argued that the only grounds for recovery or relief in the petition is that the sewer as planned was inadequate; that, in providing by ordinance for the construction of a sewer, the city authorities were acting in a legislative capacity involving the exercise of judgment and large discretion and for the purpose of promoting the public health, convenience and welfare throughout the district; and if they had acted in good faith, using their best judgment, and adopted plans for a sewer which afterward proved to be inadequate, the city cannot be held to respond in damages; that it was for the city authorities to determine, under statutory authority, when, where and of what size the sewer should be constructed, and not for the court or jury to say; that the act of the city authorities cannot be reviewed by the court or jury, and therefore, the petition does not state a cause of action.

The answer of defendant in this respect is based upon its construction of the allegations of the petition to the effect that the charge is inadequacy of the sewer to perform the functions it was intended to perform. If this were in fact the only purport of the petition we would be inclined to rule defendant's contention good and the citations in support thereof in point. But an examination of the petition shows that the basis of the charges is to be found in the allegation that defendant in building the sewer, obliterated and removed a natural watercourse and drain which previously had carried, without overflow, the surface water falling within the area. So that, as we read the petition, plaintiffs' right to recover is based upon the destruction by the city of the natural watercourse and drain.

It is not contended by defendant that the natural drain and watercourse did not exist prior to the construction of the sewer. There is some conflict in the evidence as to whether or not the natural drain or ditch successfully carried away the surface water prior to the alleged destruction of the watercourse by the city. The question was one of fact for the jury.

Defendant cites numerous cases in support of its theory that the city is not liable if the petition bases plaintiffs' right to recover upon an allegation that the sewer so constructed was inadequate to take

care of the surface water. But as we read the petition, the charge is that the city destroyed the utility of the natural watercourse or ditch, and the citations, therefore, do not apply. We hold there was no error in the action of the trial court in overruling defendant's demurrer to the petition. This ruling is upon plaintiffs' theory that the action of the city in destroying the utility of the natural watercourse and thereby causing the water to flow and be on plaintiffs' property to their damage, created a nuisance. [Martin v. City, 136 Mo. App. 316, 117 S. W. 94; Edmondson v. City, 98 Mo. 237.] In Paddock v. Somes, 102 Mo. 226, 237, the court held:

"'The right of one to be secure against the undermining of his buildings by water, or the destruction of his crops, or the poisoning of the air by the stealthy attacks of an unseen element, is as complete as his right to be protected against open personal assaults or the more demonstrative, but not more destructive, trespasses of animals.' [Cooley on Torts (2 Ed.), 675.] And of course it is actionable injury and nuisance for one to collect surface water and cast them in a body upon a neighboring proprietor; and the same rule holds in this regard both to individuals and to municipal corporations; the latter though not obliged to construct sewers or drains to protect adjoining owners against the flow of surface water from public ways, yet if they do construct drains and thus carry water and cast water upon the adjacent lands they are as much responsible as though they had invaded such lands by sending their servants thereon. [Cooley on Torts (2 Ed.), 688.]'' [See, also, Reaugh v. Railroad, 218 S. W. 947.]

It is also contended the court erred in overruling defendant's motion to make plaintiffs' second amended petition more definite and certain. This is based upon defendant's allegation that save for August 16, 1926, the petition fails to allege dates upon which the water overflowed plaintiffs' premises. We think there was no error in this respect. The petition states that after the destruction of the natural watercourse by defendant down to and including August 16, 1926, shortly prior to filing the petition, and on that date and at other numerous times during such period, plaintiffs' premises and property had been flooded to their damage. We hold the petition sufficiently definite to sustain the court in overruling the said motion.

It is also urged the court erred in refusing defendant's instruction in the nature of a demurrer at the close of plaintiffs' case, because there was no proof of negligence on the part of the city. It is noted the question of negligence was not submitted to the jury. The question submitted and the theory upon which the cause was tried was the destruction of the natural watercourse to plaintiffs' injury. There was evidence submitted in support of the allegations of the petition in this respect and the ruling of the court thereon was proper. The

same may be said of the action of the court in refusing defendant's instruction in the nature of a demurrer at the close of all the evidence. [Reaugh v. Railroad, 218 S. W. 947, and cases therein cited.] Negligence is not necessary to create a nuisance. [Martin v. City, supra; Beauchamp v. Taylor, 132 Mo. App. 92, 111 S. W. 609.]

It is insisted the court erred in giving plaintiff's instructions A, B and C. Defendant charges instruction A was erroneous because it gave the jury a roving commission to find for plaintiffs if they found defendant had so constructed the sewer that the water did not drain off in the same manner and to the same extent as it had done through the natural watercourse or ditch. An examination of the instruction shows it required the jury to find that plaintiffs owned the property; that defendant authorized and contracted for the construction of the sewer; that prior thereto there had been a natural watercourse adjacent to defendant's property; that defendant destroyed the same; that during the time mentioned in the instruction and during usual and ordinary rainfalls, large volumes of water were diverted from their natural course and collected and were backed and forced upon plaintiffs' property, damaging same; that the waters were so collected, backed and forced upon and over plaintiffs' property on account of the destruction of said watercourse by defendant and the construction by it of an inadequate sewer, if they so found, their verdict should be for plaintiffs. It is urged there was no evidence of any damage in any year other than 1926. We hold this position not tenable. There was testimony of plaintiffs themselves and others that from 1922 to 1926, during "every good shower," as often as four or five times a year, the water backed upon and flooded plaintiffs' property "whenever it rained." It was for the jury to pass upon this question and we find the instruction conformed to the pleadings and evidence and was not erroneous, in this respect.

It is charged instruction "A" purports to cover the entire case and directs a verdict, but ignores the defense of extraordinary rainfall. We find this charge not sustained by the instruction and that the objection is met in the last paragraph which requires such finding in these words:

"That during the years 1922, 1923, 1924, 1925 and 1926 and up to the date of the filing of this suit, to-wit, the 21st day of August, 1926, during usual and ordinary rainfalls, large and unusual volumes of water were diverted and changed from their natural course and collected at and backed and forced upon and over plaintiffs' said property . . ."

We rule against defendant on this point.

While defendant charges generally that instructions A, B and C are erroneous, no error in instruction "B" is pointed out. One instruction defines the phrase "ordinary and usual surface water and

rainfalls'' as used in the instructions, to mean "such surface water and rainfalls, within said sewer district as might be reasonably anticipated and expected." We see no error here. The objection to instruction "C" is that it submits to the jury the question of damages to plaintiffs' driveway, lawn and sewer or drain tile from plaintiffs' basement, for the reason there was no allegation in the petition as to any such damage. We think this point untenable. The petition specifically mentions plaintiffs' lawn; that the floods were forced back and held upon plaintiffs' lawn and entire premises, and into plaintiffs' basement, damaging same. We think this allegation sufficiently broad to include the sewer, or drain pipe in the basement as a necessary part thereof, and the driveway. The jury reasonably might conclude that the driveway was a necessary part of the basement when used as a garage, and this conforms to the evidence.

A further charge against instruction "C" is that it authorizes the jury to find for plaintiffs generally the amount of damages to their premises, for the reason that the measure of damage in this case is the reasonable cost of putting the premises in as good condition as they were just prior to the injury or damage. There is no merit in this contention. An instruction involving the identical objection here urged was sanctioned in Krebs v. Const. Co., 144 Mo. App. 649, 129 S. W. 425. [See cases therein cited.] Moreover, it has been held that if a defendant is not satisfied with the instruction offered by his adversary, he should ask one more to his satisfaction; not having done so, he should not be heard to complain. [Winston v. Lusk, 186 Mo. App. 381, 172 S. W. 76; Pope v. Florea, 167 Mo. App. 595, 152 S. W. 76.] This court held in Waite v. Railroad, 168 Mo. App. 160, 153 S. W. 66, that if a defendant is not satisfied with the plaintiff's instruction on the measure of damages (the same being short and general as in the case at bar), it is the defendant's duty to ask an instruction on that point, and if he does not do so, he cannot complain. We hold this ruling not contrary to what is said in Robinson v. Mining Co., 178 Mo. App. 531, 163 S. W. 885, and Thompson v. Paving Co., 199 Mo. App. 356, 203 S. W. 496.

Defendant complains the court erred in refusing defendant's instructions 3, 4 and 5. Defendant's instruction 3 sought to tell the jury they could not consider any evidence of damage which plaintiffs' property may have sustained except on or about July 29 and August 16, 1926. The petition alleges the property was flooded at numerous times from the date of the alleged destruction of the natural watercourse until this suit was filed. There was substantial evidence in support of this allegation and therefore the giving of an instruction which limited recovery to the two dates mentioned would have been error. Instructions 4 and 5 sought to take from the jury any question of damage by reason of injury to plaintiffs' drain

tile in the basement. We have already ruled against defendant's contention on this point and need not discuss it further here.

A further charge is that the court erred in admitting evidence as to damage to plaintiffs' driveway and basement drain tile, as there was no pleading to support it; also in the admission of evidence of overflows and damages at any other time than August 16, 1926, for the reason there was no pleading to support such evidence. We have already ruled these points against defendant.

A further complaint on the admission of evidence in plaintiffs' behalf is directed against their exhibits M and N, consisting of photographs which showed a broken fence on a tract not belonging to plaintiffs. These exhibits were photographs of plaintiffs' house, identified as such, the street south of plaintiffs' lot and a fence opposite plaintiffs' property which had been washed down by the same flood alleged to have caused the damage to plaintiffs' property. This court held, in effect, in Bodam v. City, 290 S. W. 621, that the introduction in evidence of a photograph to show the drainage and a ditch in front of the plaintiffs' house was not error where the testimony showed only minor changes had been made since the photograph was taken and that these had been called to the attention of the jury. As in the Bodam case, the photograph is not incorporated in the record, though it should have been. We must conclude the error, if any, was a minor one and did not prejudice defendant's rights.

It is charged the court erred in excluding evidence offered by defendant to show plaintiffs' premises were flooded before the alleged destruction of the natural watercourse and before the filling had been done on the lots belonging to plaintiffs and other property owners. Defendant fails to point out the particular evidence so refused. Moreover the record discloses that divers witnesses of defendant testified to this effect, covering dates from 1913 to 1922. In this situation we will not disturb the verdict and judgment for the reasons urged.

Complaint is made that the verdict is excessive in the sum of at least $300; that the amount of $600 which represents the damages assessed by the jury could be arrived at only by adding together the largest estimates in evidence. We hold the verdict is supported by substantial evidence and it will not be disturbed.

Finally it is urged the court erred in finding for plaintiffs and granting them an injunction under the second count of the petition. Under the evidence adduced at the trial on the first count, the court reasonably could find that the floods deposited silt, manure and other filth and debris on plaintiffs' premises, that the situation created a nuisance which the trial court had jurisdiction to abate. The ruling thereon was proper. We find no reversible error of record. The judg-

ment on the first count and the decree on the second count are affirmed.

*Bland, J.,* concurs; *Trimble, P. J.,* absent.